UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIUS MILLER #247-904

      PETITIONER

Fed. No. 24681-016

D.C. JAIL

1901 D. St. S.E.

WASH., D.C., 20003

     V.

CASE NUMBER 1:07CV00149

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/22/2007

WARDEN WILLIAM J. SMITH

D.C. DEPARTMENT OF CORRECTION

1901 D. St. S.E.

WASH, D.C., 20003

      RESPONDENTS

U.S. PAROLE COMMISSION

5550 FRIENDSHIP BOULEVARD

CHEVY CHASE, Md, 20815-7286

    MOTION FOR A WRIT OF HABEAS CORPUS

    TO BE IMMEDIATELY RELEASE FROM CUSTODY

**RECEIVED**

DEC 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    THE PETITIONER RESPECTFULLY MOVES tHIS HONORABLE COURT

to RELEASE HIM IMMEDIATELY FROM tHE CUSTODY, FROM

A -

1

tHE D.C. JAiL, as REQuiRed by tHE LAW.

## JURISDICTION

PuRSuANT to TiTLE 28 U.S.C. § 2241 AND 2243,

tHis HoNORAbLE CouRT HAVE JuRisdiction to issuE a

"SHOW CAusE" ORdER AGAiNST tHE RESPONdENT LAWyERS,

to EiTHER dispuTE tHis MOTioN OR RELEASE tHE pETiTiONER

witHiN THREE (3) DAys, as REQuiRE by tHE sTATuTE 18 USC.

TiTLE 2243.

## FACTS IN THIS CASE

THE pETiTioNER WAS CONViCTed FoR RObbERy iN tHE

D.C. SupERioR CouRT AND HE WAS SENTENCEd to 8 yEARS,

buT His pAROLE SupERVisioN TERM HAs ALREAdy ExpiREd

ON JANuARy 12, 2003.

-B-

THE PAROLE COMMISSION HAD FILED to "TWO" WARRANT APPLICATION to THE U.S. MARSHAL OFFICE ON MARCH 14 2001 AND MAY 2, 2002, FOR ALLEGED ADMINISTRATIVE CHARGES OF "FAILURE to SUBMIT to DRUG TESTING, FAILURE to REPORT (☙) CHANGE IN RESIDENCE, USE OF DANGEROUS AND HABIT FORMING DRUGS, DOMESTIC ASSAULT, UNAUTHORIZED USE OF a MOTOR VEHICLE AND ARMED ROBBERY IN THE YEAR OF 2002.

THE U.S. MARSHAL SERVICES HAD EXECUTED THE PAROLE WARRANT AGAINST MR. MILLER ON AUGUST 14, 2006 AND COMMITTED HIM to THE ALEXANDRIA CITY JAIL, buT MR. MILLER HAS been SITTING IN THE D.C. JAIL wiTHOUT a "REVOCATION" HEARING FOR APPROXIMATED 180 DAYS, BECAUSE THE PAROLE COMMISSION HAS STATED THAT "MR. MILLER HAS to be

-C-

SENT to a FEDERAL INSTITUTION FIRST, to RECEIVE a

REVOCATION HEARING.

MR. MILLER had MAILED a TYPE LETTER to THE U.S.

PAROLE COMMISSION ON MAY 2nd, 2002, WHILE HE WAS

SERVING PHYSICAL CUSTODY IN CUMBERLAND MARYLAND ON ANOTHER

CRIMINAL OFFENSE, EXPLAINING THAT THE PAROLE DETAINER

Lodged AGAINST HIM, PREVENTED MR. MILLER FROM bEING

TRANSFER to a LOWER SECURITY - LEVEL INSTITUTION, AND

COULDN'T bE ENROLL IN THE AVAILAbLE REHAbITATIVE and

PRODUCTIVE PROGRAMS, AFTER ObTAINING HIS DIPLOMA.

ALSO, MR. MILLER had PARTICIPATED IN a TWENTY-EIGHT

DAY "SUbSTANCE AbUSE TREATMENT PROGRAM AND RECEIVED a

"STATE OF MARYLAND BONDING LETTER" SIGNED by MRS.

EDWINA L. HOWARD ON 11-15-2005, to CARRY to ANY

- D -

Job Agency.

THE PAROLE COMMISSION had Added AN additional 1,293 days to MR. MiLLER's statutory mandatory RELEASE date, AFTER been TERMINATED on JANUARY 12th, 2003.

MR. MiLLER did NOT EVER FiLED AN appeal in NONE OF His CRiMiNAL CONVICTIONS, because HE WAS "UN-SKiLL" within tHE LAW AND NOW being Advised of His "uNLAWFuL" coNFINEMENT by A JAiLHOUSE LAWYER (MiLToN JOSEPH TAYLoR).

Ground No. I

MR. MiLLER's SENTENCiNG Judge had "delegated" his PosT-PARoLE TERM within·tHE JuRisdicTiON oF tHE PAROLE CoMMissiON, to REVoKE His SENTENCE FoR VioLATiNG ANY CONdiTioN oF RELEASE PLANS, iN VioLATioN

— E —

OF THE "SEPARATION OF POWER" DOCTRINE.

GROUND No. 2

THE PETITIONER HAS NEVER "WAIVED" HIS STATUTORY

RIGHTS TO BE BROUGHT BACK BEFORE A MAGISTRATE JUDGE

FOR A "PROBABLE CAUSE" HEARING OR REVOCATION HEARING AS

REQUIRED BY THE CRIMINAL PROCEDURAL RULE No. 32.1

AND THE D.C. CODE § 24-109.

GROUND No. 3

THE PETITIONER DOES NOT HAVE A LEGAL JUDGMENT

AND COMMITMENT ORDER "SIGNED" BY AN OFFICIAL JUDGE,

PLACING HIM BACK IN THE "CUSTODY OF THE ATTORNEY GENERAL

OR THE D.C. JAIL AT ALL, AFTER BEING PAROLE TO THE

STREET IN HIS CURRENT CASES MARYLAND AND VIRGINIA,

IN VIOLATION OF HIS FIFTH, EIGHTH AND FOURTEENTH AMENDMENT

– F –

RIGHTS.

GROUND No. 4

THE SUPREME COURT JUDGES had ALREADY declared PAROLE "ABOLISHED" IN THE YEAR OF 1992, UNDER THE CASE Cite U.S. v. MISTRETTA, 488 U.S. 361, AND CONGRESS-WOMAN ELEANOR HOLMES NORTON had WENT "behind" tHE NINE (9) JUSTICE JUDGES IN AMERICA, by SIGNING a "PUBLIC LAW Bill" IN THE YEAR OF 2002 AND 2005, "EXTENDING" tHE PAROLE COMMISSION'S AUTHORITY to EXECUTE tHE LAW IN "bAD FAITH" OVER D.C. CODE OFFENDERS AND RUN AN "ENCROACHMENT" ON A "JUDICIAL BRANCH." FURTHERMORE, tHE POWER to IMPOSE a SENTENCE, HAS ALWAYS bEEN IN VESTED IN tHE HANDS OF AN "ARTICLE III JUDGE," AND NOT tHE

- G -

PAROLE COMMISSION, IN ACCORDANCE to THE FOURTH CIRCUIT RULING CASE CITE <u>U.S. v. JOHNSON</u>, 48 F. 3d 806, 807-08 (4th Cir. 1995).

THIS CASE IS RIPE FOR this HONORABLE COURT to "SQUASH" a FRIVOLOUS FILED DETAINER LODGED AGAINST THE PETITIONER AND U.S. MARSHAL HOLD AT THE D.C. JAIL, BECAUSE THE PETITIONER'S PAROLE SENTENCE HAS ALREADY EXPIRED, as well as "EXECUTIVE" OFFICIALS ARE "IMPERSONATING to be a PROSECUTOR, JURY AND JUDGES" by HOLDING D.C. CODE OFFENDERS BEHIND BARS.

THE PETITIONER'S CUSTODY IS IN VIOLATION OF THE LAW AND CONSTITUTION, WITHOUT THE "FREE-WILL" to WALK OUT THE D.C. JAIL AT ALL, as HE'S FORCED to REALLY SUFFERRED "CRUEL AND UNUSUAL PUNISHMENT", as well as "MENTAL ANGUISH" THAT CAN RESULT to "PHYSICAL

-H-

FOR THE DISTRICT OF COLUMBIA

JULIUS MILLER #242-904
            PETITIONER

        V.                              Civil Action No. _____

WARDEN WILLIAM L. SMITH
D.C. DEPARTMENT OF CORRECTION
U.S. PAROLE COMMISSION
            RESPONDENTS.

MEMORANDUM AND CITATION OF LAWS TO
SUPPORT PETITIONER'S WRIT OF HABEAS CORPUS

THE BURDEN OF PROOF is ON THE GOVERNMENT to

SHOW CAUSE AND REFUT MR. MILLER'S CLAIMS THAT THE

U.S. PAROLE COMMISSION CAN ACT IN CAPACITY OF AN

"ARTICLE III JUDGE", WITHOUT "INFRINGING" ON THE

"SEPARATION OF POWER" DOCTRINE. IF THE GOVERNMENT

CANNOT DO SO, THIS WRIT SHOULD BE GRANTED IN FAVOR

**FILED**

- 1 -        07 0149    JAN 2 2 2007

OF MR. MILLER.

D.C. Code § 24-109 has became a "RESERVE" statute, but always superior court judges had the power to "REVOKE" a person's sentence and NEVER ONCE MENTION the PAROLE COMMISSION to take any FURTHER ACTIONS AT ALL. D.C. Code § 11-923 grants power to "state-judges" to resolve cases and controversy, but NOTHING EVER MENTION the PAROLE Commission to do so at all. See Article III Clause.

The criminal procedural Rule No. 32.1 grants the authority to a "MAGISTRATE judge to hold a Probable Cause Hearing" and nothing ever granted the PAROLE PANEL to hold a "Probable Cause" HEARING within the D.C. Jail detention center.

-2-

EVENTHOUGH, a PAROLEE MAY be "ALLEGED" OF VIOLATING ANY CONDITION OF PAROLE OR SUPERVISED RELEASE TERM, THE U.S. PAROLE COMMISSION CANNOT "REVOKE" HIS SENTENCE AT ALL NOR "CONTRAVENE" A JUDGE'S COURT ORDER AT ALL, BECAUSE THE D.C. CIRCUIT JUDGES HAS ALREADY RULED ON THE ABOVED MATTER IN FAVOR OF A FEDERAL AND STATE PRISONER. SEE <u>MILTON J. TAYLOR</u> V. <u>U.S. PROBATION OFFICE, ET AL.</u> APPEAL No. 03-5170 (D.C. Cir. JUNE 3RD. 2005.

Judge GLADYS KESSLER IN THIS SAME COURTHOUSE WAS [S]QUARELY FACED WITH A SITUATION, WHETHER A PROBATION OFFICER CAN "EXPAND" A DEFENDANT'S SUPERVISED RELEASE TERM PASS HIS STATUTORY MAXIMUM RELEASE DATE. SEE <u>U.S.</u> V. <u>MILTON J. TAYLOR</u>, CRIMINAL

-3-

No. 97-0035 (D.D.C. decided Feb. 4th, 2005).

THE FOURTH CIRCUIT JUDGES WAS ALSO [S]QUARELY FACED WITH THE SAME SITUATION, WHETHER a FEDERAL DISTRICT JUDGE CAN EXCEED PASS a PERSON'S MAXIMUM STATUTORY SENTENCING GUIDELINES RANGE? THAT ANSWER "WAS STRICKLY NO a JUDGE CAN'T!" SEE U.S. V. THORNE, 153 F. 3d 130 (4TH CIR. 1999).

IF, a PROBATION OFFICER AND a JUDGE CANNOT ADD ADDITIONAL PRISON TERM OR SUPERVISED RELEASE TERM beyond a PERSON'S MAXIMUM RELEASE dATE, THAN the PAROLE COMMISSION CANNOT ADD "STREET-TIME Credits" to THE END OF a PAROLEE MAXIMUM RELEASE dATE NEITHER. THIS above LAWS MAKES D.C. Code § 24-406 to be UNCONSTITUTIONAL AND A VIOLATION OF the "EX

-4-

POST FACTO CLAUSE." To INFICT GREATER punishment punishment THAN did THE LAW WAS IN EFFECT WHEN THE CRIME WAS COMMITTED is FORBIDDEN by THE "EX POST FACTO CLAUSES OF THE CONSTITUTION," SEE LYNCE v. MATHIS, 519 U.S. 433, 439-41 (1997). SEE also, WEAVER v. GRAHAM, SUPREME COURT CITE.

THE Double JEOPARDY CLAUSE OF THE FIFTH AMENDMENT PROHIBIT MULTIPLE CRIMINAL punishments FOR THE SAME OFFENSE (AMONG OTHER things). SEE BROWN v. OHIO, 432 U.S. 161, 165 (1977).

THE PAROLE COMMISSION HAVE a tendency to OFFER PAROLE VIOLATORS a PLEA BARGAIN to the Low END OF His GUIDELINE RANGE AND THAN USE His PRIOR CONVICTIONS AGAINST Him, to PLACE Him IN a

-5-

"Higher" Criminal History Category.

THE U.S. Parole Commission uses a parolee prior conviction against him regardless of how old the charges are, conflicting with the 15 years statutory limitation, pursuant to the U.S. Sentencing Guideline Manuel § 4A1.1. A prior conviction has its beginning and ending date and cannot be "Resurrected" for any "Revocation" purpose or enhancements. See NORTH CAROLINA v. PEARCE, 23 L.Ed 656.

A parolee or prisoner serving another sentence in someone's else jurisdiction is a proper confinement, but the Parole Commission cannot file a detainer to make the parole sentence to run "Consecutive" later, because it will be "Vindictive"

-6-

PUNISHMENT, IN VIOLATION OF THE "DOUBLE JEOPARDY" CLAUSE.

" THE CLOCK DOES NOT EVER STOP RUNNING ON a PAROLE SENTENCE", BECAUSE THE SENTENCING Judge has "RELINQUISHED" HIS JUDICIAL AUTHORITY to VIOLATE THE PAROLEE. SEE D.C. Code § 131 AND 133 (DELEGATION OF POWER). D.C. Code § 133 does GRANTS THE PAROLE COMMISSION to ENFORCE a PUNISHMENT ON D.C. Code OFFENDERS IN A PUNITIVE NATURE AND <u>NOT SERVE</u> as <u>AN ADMINISTRATIVE SANCTION</u> <u>AT ALL</u>. SEE <u>Hudson</u> v. <u>U.S.</u>, 522 U.S. 93, 100 (1997). THIS COURT MUST FURTHER EXAMINE WHETHER THE STATUTORY (is) SCHEME is "SO PUNITIVE EITHER IN PURPOSE OR EFFECT as to NEGATE [THE GOVERNMENT'S] INTENTION to deem it ADMINISTRATIVE OR "NON-<u>USURP</u> OF JUDICIAL POWER", SEE

— /\ —

U.S. v. WARD, 448 U.S. 242, 248-249 (1980).

THE LEGISLATIVE HISTORY OF a parolee or defendant being "HELD WITHOUT BOND" is a Judicial Function AND NOT at the discretion OF the PAROLE Commission, WHO'S AN "EXECUTIVE-official."

Congress had impermissibly granted "Judicial AND LEGISLATIVE" authority to a PAROLE BOARD, in VIOLATION OF the "SEPARATION OF POWER" doctrine, because HER signed "Public Law Bill" Extending the PAROLE COMMISSION authority, after the Supreme Court Had declared PAROLE "ABOLISHED" in the year OF 1992 AND 1987. SEE U.S. v. MISTRETTA, 488 U.S. 361. SEE ALSO, U.S. v. ESTRADA, 680 F. Supp. 1312, 1338. (D. Minn. 1988).                      -8-

STATE COURTS ARE REQUIRE TO GIVE A PROBATION OFFENDER A "PETER I" HEARING OR SHOW CAUSE HEARING BEFORE DETAINING A PERSON IN JAIL, BUT THE PAROLE COMMISSION "ORDER" THE U.S. MARSHAL SERVICE TO "AUTOMATICALLY LOCK-UP D.C. CODE OFFENDERS IN THE D.C. JAIL, AWAITING FOR A 60 TO 90 DAYS REVOCATION HEARING IN ANOTHER INSTITUTION."

THE PANEL JUDGES FOR THE COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA, JUST HANDED DOWN A SET PRECEDENT RULING THAT A PERSON "LIBERTY INTEREST" SHOULD NOT BE DEPRIVE FROM HIM FIRST, UNLESS A JUDICIAL REVOCATION HEARING IS HEARD ON THE MERITS. SEE U.S. v. TAYLOR, APPEAL No. 04-CO-541 (2006).

-9-

D.C. Code offenders are being "STEP-BACK" in Jail by the Parole Commission because of "Preponderance of the Evidence from a Police Report", which is not "Sworn In Testimony" to violate a parolee sentence at all. See U.S. v. Price, 409 F. 3d 436-437 (D.C. Cir. 2005). Once a case has been "dismissed" by a Court and if a Judge release a person on Bond, parole or probation, the Parole Commission cannot "prevent" that person from being release at the D.C. Jail or any other institution at all, because it supersede the authority of an official Judge and infringe upon Title 18 U.S.C. § 3624. See Zakari v. Reno, ___ F. Supp. ___ (E.D. Va. May of 1999) (Prison officials had compel Zakari to stay in Jail for

THREE (3) YEARS beyond His MAXIMUM SENTENCING GuideLine PRISON TERM, buT RELEASE by Judge LEONIA L. BRINKEMA by ORDER OF a WRiT-2241).

A PAROLE "NOTICE OF ACTION" is being "MISCONSTRUED" as a JudGMENT AND CommiTMENT ORDER to KEEP a PAROLEE CONFINE iN tHE "BUREAU OF PRISONS" ON tHE SAME ORIGINAL SENTENCE, wiTHOuT being RELEASE to SOCiETY to VioLATE PAROLE. A PAROLEE CAN NEVER VioLATE PAROLE iN JAiL, because His iNSTiTuTiONAL "iNFRACTIONS" HAS ALREADY bEEN AdjudiCATEd ON tHE MERiTS AND HE'S PuNisHEd by "SEGREGATEd" CONFINEMENT. IT's DoublE JEOPARDY FOR tHE PAROLE CommissioN to tAKE His MiNiMUM OR MAXiMUM RELEASE dATE. SEE NORTH CAROLINA V. PEARCE, 23 L.Ed 2d 656.    — 11 —

SENTENCING Judges HANDS OUT a CLEAR AND CONCISE prison SENTENCE, but tHE PAROLE Commission gives OUT a "PRESUMPTIVE-DATE", WHICH is NOT a SURE RELEASE date tHAT tHE PAROLEE HAD plEAD to AND UNDERSTOOD to bE a REAL SENTENCE. SEE U.S. v. <u>RAYNOR</u>, 989 F. Supp. 43 (D.D.C. 1997), MAINLY WHEN a POST-SUPERVISION TERM is being "CONVERTED" to (☜) a prison TERM OVER AND OVER by tHE PAROLE Commission.

THE SupREME CouRT Judges did NOT EVER LEAVE it up to tHE PAROLE Commission to dEFINE WHO is guilTy OR INNOCENCE OF a CRIME. It WAS tHE duty OF a JURY to FIND A PERSON GuilTy "BEYOND A REASONAble DoubT" AND <u>NOT</u> <u>PREPONDERANCE</u> OF tHE EVIDENCE <u>FROM</u> a <u>police REPORT</u>.        - 12 -

THE U.S. PAROLE COMMISSION IS AN "EX-CHIEF POLICE" FROM THE DISTRICT OF COLUMBIA, AS WELL AS AN "EXECUTIVE-OFFICIAL" UNDER THE DEPARTMENT OF JUSTICE, WITH ONE (1) MISSION TO "LOCK-UP ALL D.C. CODE OFFENDERS THAT IS ON PAROLE OR SUPERVISED RELEASE TERM. THE U.S. PAROLE COMMISSION NEEDS SOME TYPE OF "MENTAL-COUNSELING", BECAUSE HE CANNOT "IMPERSONATE" HIMSELF AS AN "ARTICLE III JUDGE. SEE U.S. v. MILLER, 77 F. 3d. 71 (4th Cir. 1996).

THE MEMBERS OF THE PAROLE BOARD TO BE "BIAS" IN THEIR REVOCATION HEARINGS AND PAROLE COMMISSION FINAL JUDGMENT STANDS TO BE "BIAS" ALSO, BECAUSE ALL DECISION THAT HE HAS ALREADY MADE, HAS TO BE APPEAL BACK TO HIM.

- 13 -

FINALLY, IF THE PAROLE COMMISSION WAS AN OFFICIAL JUDGE, THE PETITIONER WILL BE FILING THIS WRIT OF HABEAS CORPUS BACK TO HIS AGENCY AND NOT TO THIS DISTRICT COURT. A CONSTITUTIONAL AMENDMENT ISSUE WILL BE "FUTILE" TO BE RAISED BEFORE a PAROLE BOARD.

FOR THIS ABOVE CAUSE, THE "SEPARATION OF POWER" DOCTRINE HAS BEEN VIOLATED by CONGRESS/THE PAROLE COMMISSION. THIS CONSTITUTE THAT THE "PHASE OUT ACT" SHOULD HAD BEEN "ABOLISHED" THE PAROLE BOARD a "LONG TIME AGO!" THE D.C. Code § 24-221.03 COMMAND STATE JUDGES TO CREDIT "STREET-TIME" BACK TO D.C. Code OFFENDERS, BUT CONGRESS HAD ENACTED D.C. Code § 24-406 FOR THE PAROLE COMMISSION TO "FORFEIT" STREET-TIME CREDITS, IN VIOLATION OF THE LAW.

-14-

Other sister circuits has "interpret the Law" for the D.C. Circuit judges, by preventing "Non-judicial" officers from having dominion and control over a person sentence and making the "Final" judgment. See U.S. v. Johnson, 48 F. 3d 806, 807-08 (4th Cir. 1995) and U.S. v. Mehlendez-Santana, 353 F. 3d. _____.

For the reason stated herein, if the government cannot dispute the above two (2) cases, than the Parole Commission's authority and injustice must be brought to "Half-Mass" as the "Needle Points both Ways !"

The petitioner's prays that this writ be granted and release him immediately from jail.

Dated: 12-21-2006
Inmate Counsel
Milton J. Taylor #202-514
D.C. Jail

Respectfully Submitted
Julius Miller
Julius Miller #247-904

# WARRANT APPLICATION

| | |
|---|---|
| Case Of ...................... MILLER, Julius | Date .............................. March 14, 2001 |
| Reg. No ...................... 00247+904 | Termination of Supervision Date ........... 1/12/03 |
| DCDC No. ...................... 247-904 | [If Conviction Offense Before April 11, 1987 and |
| PDID No. ...................... 427-820 | Offender Is On Mandatory Release, Termination |
| FBI No ...................... 36186KA9 | Date Is 180 days Prior To Full Term] |
| Birth Date ...................... 2/21/70 | Violation Date ........................ 10/31/00 |
| Race ...................... black | Released ........................... 5/17/00 |
| Sentence Length .............. 8 years | |
| Original Offense .............. Robbery | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be appointed for you if you fill out and promptly return a request for representation to the interviewing officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole or mandatory release, you will not receive credit toward service of your sentence for time spent on parole/mandatory release.

## CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing.** On or about the following dates, subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his/her release: 10/31/00, 1/9/01 and 2/1/01. This charge is based on information contained in the letter dated 3/5/01 from supervision officer Diane Hardy.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Failure to Report Change in Residence.** On or about 9/18/00 the subject left his place of residence without notifying supervision officer Diane Hardy. Subject was scheduled to move in with his cousin Sheila Marr but never did. This was verified by telephone call to Ms. Marr. This charge is based on information contained in the letter dated 3/5/01 from supervision officer Diane Hardy and Field Contact Sheet.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.** On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

12/12/00 - cocaine

This charge is based on information contained in the letter dated 3/5/2001 from supervision officer Diane Hardy and lab report(s) dated 12/12/00.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Law Violation - (a)Domestic Assault and (b) Unauthorized Use of Motor Vehicle.** On or about 2/14/01, subject was arrested by Arlington County Police Department for the above-cited offense(s) which occurred on or about 2/14/01. Information contained in the police report dated 2/14/01 indicates that police responded to a domestic assault call and upon arrival discovered that the subject and his girlfriend had be cohabiting for about 2 months. Earlier on 2/14/01 the subject had arrived at the girlfriend's work and demanded $200 which she refused to give him. At this time, she also asked that he return her car keys. This verbal dispute led to the subject assaulting his girlfriend. He grabbed her right shirt sleeve and stated "I'll hit you in the face", "I'll shoot you" and "I'll stab you". He then left the office and the girlfriend called 911. Officers noticed a large bruise on the woman's left cheek and she admitted that the subject had her there but it had happened earlier in the week. She stated that she had earlier obtained a warrant for Unauthorized use of her car but later dismissed it because she thought they could work things out. She did state that the subject took her car on February 8th, 2001 and had not yet returned it. This charge is based on information contained in the letter dated 3/5/2001 from supervision officer Diane Hardy and Arlington Police Department report dated 2/14/01.
I ADMIT [ ] or DENY [ ] this charge.

07 0149
**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Warrant Issued.....................................March 14, 2001

Tom Kowalski, Consultant/Examiner
U.S. Parole Commission,

Community Supervision Office Requesting Warrant..District of Columbia (1 - Main)
(  ) Commission        (  ) Inmate        (  ) Institution        (  ) CSOSA        (  ) Interviewing Officer        (  ) Chron

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, MILLER, Julius, Reg. No. 00247+904, (DCDC No. 247-904), PDID No. 427-820 was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 8 years for the crime of Robbery   and was on 5/17/00 released on parole from  with 1293 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205 and 24-1231 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 14, 2001.

_____
U.S. Parole Commissioner

Name: MILLER, Julius

Reg. No. **00247+904**

DCDC No. 247-904          PDID No. 427-820          Institution:

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ _Eastern_ _____ District of _____ _Virginia_ _____ ss:

Received this writ the _14_ day of _August_ , 20 _06_ , and executed same by arresting the within-named _Miller, Julius_

this _14_ day of _August_ _____ , 20 _06_ , at _WMS Alexandria_ and committing him to _Alexandria City Jail_

_____ _J. Dickinson (Acting)_ _____
U.S. Marshal

By _____
Deputy Marshal

Further executed same by committing him to _____

at _____ on _____ , 20 _____ , the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

By _____
Deputy Marshal

Note:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland  20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____

_____ _Julius Miller_ _____          _3/14/06_
Prisoner's Signature                              Date

_(If prisoner refuses to sign, Marsh ' should so indicate.)_

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ... ...................... Miller, Julius

Reg. No .... ..................... 24681-016
DCDC No. .................... 247-904
FBI No ..... ...................... 36186KA9
Birth Date. ..................... 2/21/70
Race............. ................. **Black**
Date............. .................. **May 2, 2002**

Termination of Supervision......... 1/12/2003
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ............................ 10/31/2000
Released ...................................... **May 17, 2000**

Sentence Length............ 8 years
Original Offense ........... Robbery

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing** On the following dates, the subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his release: 10/31/2000, 1/9/2001 and 2/1/2001 This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.
I ADMIT [ ] or DENY [ ] this charge.

Miller, Julius   *Tatyana*   Fitzhugh
Reg. No. 24681-016   DCDC No. 247-904

**Charge No. 2 - Failure to Report Change in Residence**. On 9/18/2000, the subject left his last known residence and failed to notify his supervision officer of his current residence. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs**. On the following date, the subject submitted urine specimens which tested positive for the drugs specified:
Cocaine Metabolite on 12/12/2000

This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy and the corresponding laboratory report dated 12/12/2000.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Law Violation – a) Domestic Assault; b) Unauthorized Use of a Motor Vehicle**. On 2/14/2001, the subject grabbed the victim, Zanelle Rainey, and stataed, "I'll hit you in the face", I'll shoot you" and I'll stab you. On 2/14/2001 the victim asked subject to return her car which he had taken on 2/8/2001 but the subject refused. The subject was arrested by Arlington County Police for the above-cited offense 4a on 2/14/2001. This information is contained in the police report dated 2/14/2001. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 5 - Law Violation – Armed Robbery**. On 4/13/2002, the subject entered the Pride of America gas station in Oxon Hill, Maryland, implied he had a gun and announced a robbery. Subject stole approximately $700 and fled on foot. A warrant was issued for his arrest. The subject was arrested by Washington Metropolitan Police for the above-cited offense on 4/17/2002. This information is contained in the police report dated 4/13/2002. This charge is based on the information contained in the violation report dated 4/16/2002 from Community Supervision Officer Kelly Jones. Status of Custody/Criminal Proceedings: In custody. Charges pending.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued................. May 2, 2002

Deirdre Jackson, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit XI, 3850 South Capitol**

# W A R R A N T
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Miller, Julius, Reg. No. 24681-016, DCDC No. 247-904, was sentenced by the Superior Court

of the District of Columbia or the United States District Court to serve a sentence of 8 years for the crime of

Robbery and was on May 17, 2000 released  on parole from D.C. Dept. of Corrections with 1,293 days

remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission

that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the

District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the

United States, and hold him in your custody either until he is released by order of the Parole Commission,

or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on May 2, 2002

U.S. Parole Commissioner

Miller, Julius
Reg. No. 24681-016    DCDC No. 247-904

## WARRANT For Return Of Prisoner Released To Supervision

Name:  **Miller, Julius**
Reg. No. 24681-016

Institution:   D.C. Dept. of Corrections
DCDC No.   **247-904**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of ___DDC_____ ss:

Received this writ the _2nd_ day of _May_____, 20_0__, and executed same by arresting the within-named _Miles, Julius_____
this _17__ day of _August_____, 20_0_,
at _CSCCNS_____ and committing him to _DC Jail_

_____
U.S. Marshal

_____
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____

_____          _____
Prisoner's Signature                               Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

07-149
EGS

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

*Julius Miller*

**DEFENDANTS**

*Wm. J. Smith, et al*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*In SE (PA)*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

CASE NUMBER  1:07CV00149

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/22/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

Ⓧ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZE...**
FOR PLAINTI...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA (1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ■ **G. Habeas Corpus/ 2255** | □ **H. Employment Discrimination** | □ **I. FOIA/PRIVACY ACT** | □ **J. Student Loan** |
|---|---|---|---|
| ■ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K. Labor/ERISA (non-employment)** | □ **L. Other Civil Rights (non-employment)** | □ **M. Contract** | □ **N. Three-Judge Court** |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

---

## V. ORIGIN

■ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - HC

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □    ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES    ● NO

**VIII. RELATED CASE(S) IF ANY** No    (See instruction)    □ YES    ● NO    If yes, please complete related case form.

**DATE** 1.22.07    SIGNATURE OF ATTORNEY OF RECORD    NCD

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.