**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JULIUS MILLER,** | * | |
| **Petitioner,** | * | |
| | * | **Civil Action No. 07-149 (EGS)** |
| **v.** | * | |
| | * | |
| **WARDEN WILLIAM J. SMITH, et al.,** | * | |
| **Respondents.** | * | |

**UNITED STATES PAROLE COMMISSION'S OPPOSITION TO**
**PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

The United States Parole Commission, by and through its attorney, the United States

Attorney for the District of Columbia, hereby respectfully submits its Opposition to petitioner's

Petition for Writ of Habeas Corpus. For the reasons set forth below, the Court should summarily

deny the petition.

**PROCEDURAL HISTORY**

On January 29, 1991, in the Superior Court for the District of Columbia ("Superior

Court"), in case number 1990-FEL-532, petitioner was sentenced to 1 to 8 years' imprisonment

for the crime of robbery. See Exhibit A, judgment and commitment orders, p.1. During his

imprisonment, petitioner escaped from the institution, and he later was charged with escape, pled

guilty to that charge, and was sentenced by the Superior Court in case number 1995-FEL-8937 to

8 to 24 months' imprisonment. See id., at 2, Exhibit B, D.C. "face sheet."

In June 1996, the D.C. Board of Parole ("Board") granted petitioner parole, and he was

released on parole on September 17, 1996, with a full-term date of September 25, 2001. See

Exhibit C, notice of Board order, Exhibit D, parole certificate. On February 25, 1998, the Board

revoked petitioner's grant of parole after concluding that he had committed technical violations

of his release conditions. See Exhibit E, notice of Board order. After reconsidering petitioner

for re-parole later that year, the Board ordered another reconsideration in 1999.  <u>See</u> Exhibit F, notice of Board order.  Petitioner's new full-term date was January 12, 2003.  <u>See</u> Exhibit G, D.C. "face sheet."

On August 5, 1998, the United States Parole Commission ("the Commission") assumed the responsibility of parole release decisions for all eligible D.C. Code offenders.  <u>See</u> D.C. Code § 24-131(a).  On October 18, 1999, the Commission held petitioner's reconsideration hearing and subsequently ordered that he be released on parole on April 12, 2000.  <u>See</u> Exhibit H, hearing summary, Exhibit I, Commission notice of action.  That date was later retarded for 35 days for release planning purposes.  <u>See</u> Exhibit J, Commission notice of action.  Petitioner thus was released on parole on May 17, 2000.  <u>See</u> Exhibit K, parole certificate.

On August 5, 2000, the Commission assumed the remaining duties of the D.C. Board of Parole, including parole revocation.  <u>See</u> D.C. Code § 24-131(a).  On March 5, 2001, petitioner's community supervision officer informed the Commission that petitioner had violated the conditions of his parole by using illegal drugs, failing to comply with other administrative requirements of his parole, and twice being arrested.  <u>See</u> Exhibit L, report of alleged violations. In response to this information, the Commission issued a violation warrant, charging petitioner with these alleged violations.  <u>See</u> Exhibit M, warrant and warrant application.  Petitioner was arrested on this warrant on January 23, 2002.  <u>See</u> Exhibit N, probable cause hearing digest, p.1. Two days later, he and his counsel appeared before a Commission hearing examiner for a probable cause hearing, and probable cause was found to support the alleged violations.  <u>Id.</u>, at 2-4.  Petitioner was released from custody and notified that he would be summoned to a final revocation hearing.  <u>See id.</u>, Exhibit O, Commission notice of action.

Before his final revocation hearing could be held, however, petitioner allegedly committed additional technical violations of his release and was arrested for robbery in Prince George's County, Maryland.  <u>See</u> Exhibit P, report of alleged violations.  The Commission then supplemented its original warrant to include the Maryland robbery charge.  <u>See</u> Exhibit Q, warrant supplement.  The Commission later withdrew the original warrant and, on May 2, 2002, issued a new parole violation warrant that included the robbery charge, with directions that the warrant be lodged as a detainer.  <u>See</u> Exhibit R, Commission memorandum and order, Exhibit S, Commission warrant and instructions.  On or about May 15, 2002, the U.S. Marshals Service lodged the warrant as a detainer in Upper Marlboro, Maryland.  <u>See</u> Exhibit T, Marshals Service facsimile.

Petitioner subsequently was convicted in the Circuit Court for Prince George's County, in case number CT02-0766X, of robbery, and on or about April 4, 2003, he received a sentence of 10 years' imprisonment with all but 6 years of the sentence suspended.  <u>See</u> Exhibit U, probation office correspondence, Exhibit V, supplemental warrant application.  On August 17, 2006, he was released from the Maryland authorities to the custody of the Commission's detainer warrant.  <u>See</u> Exhibit W, Commission correspondence.  On November 8, 2006, the Commission supplemented the May 2, 2002 parole violator warrant to include that petitioner had been convicted of robbery in Maryland.  <u>See</u>  Exhibit V, supplemental warrant application.

On November 9, 2006, the Commission requested information about petitioner's institutional adjustment from the Western Correctional Institution where petitioner had been incarcerated in Cumberland, Maryland.  <u>See</u> Exhibit W.  On the same day, based on petitioner's robbery conviction in Maryland, the Commission found probable cause to proceed and

recommended that petitioner be given an institutional revocation hearing.  See Exhibit X, probable cause determination; see also 28 C.F.R. § 2.101(h).  By letter dated November 17, 2006, the Commission informed petitioner that, based on his robbery conviction, probable cause existed to believe that he had violated the conditions of his parole and that he would receive an institutional revocation hearing after his transfer to a federal institution.  Exhibit Y, Commission letter to petitioner.  On December 12, 2006, the Commission pre-assessed petitioner's case in anticipation of his revocation hearing.  See Exhibit Z, pre-hearing assessment.

Petitioner is currently at the D.C. Jail.  On March 13, 2007, he appeared before a hearing examiner and waived his right to apply for counsel in connection with his final revocation hearing.  See Exhibit AA.  On March 14, 2007, petitioner received his final revocation hearing. See Exhibit BB, at 1-2.  During the hearing, he agreed in writing that he had received documentation of the charges against him, that he had sufficient time to review that documentation, that he had waived his right to counsel, and that he did not have any witnesses to call at the hearing.  Id.  At the conclusion of the hearing, the hearing examiner recommended that petitioner's parole be revoked and that petitioner should not receive credit for the time that he spent on parole.  Id. at 3.  The hearing examiner calculated that petitioner would be released on parole on November 12, 2007.  Id. at 4.  The case has been referred to the Parole Commissioners who will review the hearing examiner's recommendations and issue a Notice of Action in the case.  Id. at 5.

## ARGUMENT

Petitioner appears to raise a number of claims in his petition.  These claims include that he has not received a timely revocation hearing and therefore must be immediately released.

While we agree that petitioner was not given a timely revocation hearing, we disagree that this entitles him to release.  Rather, his remedy is the hearing itself, which he received on March 14, 2007.  Petitioner also challenges the Commission's authority in various respects and asserts that the Commission usurps the authority of Article III courts and thereby violates the separation of powers doctrine.  These claims fail because the Commission's authority in these regards is well established.  In a related claim, petitioner asserts that the Commission has been abolished, but this claim, too, is meritless.  Petitioner also contends that his sentence has expired and thus that he is being improperly held.  As explained below, because the Commission's warrant was timely issued before petitioner's full-term date elapsed, his claim on this point fails.  Finally, petitioner argues that the Commission improperly forfeited the time that he spent on parole, known as "street time."  This claim fails as it is well-established that petitioner is not entitled to credit for the time that he spent on parole before his parole was revoked.

In sum, petitioner's claims are without merit and his petition should be summarily denied.

I.     **Petitioner Is Not Entitled to Habeas Relief Because He Has Not Demonstrated, and Cannot Demonstrate, Prejudice Arising From His Late Revocation Hearing**

Petitioner states that he has not been given a revocation hearing and he asserts that he therefore is entitled to immediate release.  Petitioner is correct that he has not received a timely revocation hearing.[1]  However, we disagree that petitioner is entitled to release.  Although he did

---

[1]     In accordance with the Commission's regulations at 28 C.F.R. §§ 2.101(e), 2.102(f), petitioner was entitled to an institutional revocation hearing within 90 days of the execution of the parole violator warrant.  The Commission acknowledges with regret that, due to administrative errors, petitioner has not received a timely revocation hearing.  Upon learning of this matter, the Commission arranged to provide petitioner with a revocation hearing at the D.C. Jail rather than await his transfer to another facility for an institutional revocation hearing.

not receive his final revocation hearing in a timely manner, he has now received that hearing (on March 14, 2007 at the D.C. Jail).

The law is clear that the remedy for a delayed parole revocation hearing is for the Commission to conduct a hearing.  See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983) (remedy is to compel a hearing, not to compel release on parole or extinguish remainder of sentence); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990) ("the only remedy available when the Commission fails to hold a timely hearing is . . . to require the Commission to give the petitioner a fair hearing"); Lantion v. U.S. Parole Comm'n., 2005 WL 758270, *1 (D.D.C. April 1, 2005) ("if a parole revocation hearing is untimely, the available remedy is a writ of mandamus directing the Parole Commission to conduct a hearing").

Here, petitioner would be entitled to release on a writ of habeas corpus only if he had met his burden of establishing "actual prejudice" arising from an unreasonable delay, i.e., that the delay "prejudiced his defense at the revocation hearing."  See Sutherland, 709 F.2d at 733 (petitioner failed to show that thirty-three month delay prejudiced his defense); Farmer v. U.S. Parole Comm'n., 2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (petitioner must demonstrate that delay was unreasonable and prejudicial); Crum v. U.S. Parole Comm'n., 814 F. Supp. 1, 3 (D.D.C. 1993) (same).  Delay, standing alone, does not entitle petitioner to release from prison. Rather, he must demonstrate that he was prejudiced in preparing or presenting his defense to the revocation charges due to the loss of witnesses or evidence as a result of the delay.  See Paul v. McFadin, 1997 WL 407843, *2 (10th Cir.) (parolee must show actual prejudice was caused by unreasonable delay), cert. denied, 522 U.S. 1005 (1997); Villarreal v. U.S. Parole Comm'n., 985 F.2d 835, 837 (5th Cir. 1993) (parolee must show actual prejudice was caused by unreasonable

delay); Cortinas v. U.S. Parole Comm'n., 938 F.2d 43, 45 (5th Cir. 1991) (habeas petition denied where the petitioner failed to assert his ability to present facts or contest the violation was affected by the delay).

Because the revocation charges are based in part on petitioner's recent robbery conviction in Maryland, such a showing of prejudice is not possible. A parole revocation hearing is not a forum in which convictions can be relitigated. See Morrissey v. Brewer, 408 U.S. 471, 490 (1972) ("Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime"). Thus, at his hearing, petitioner was foreclosed from claiming that he did not commit the robbery and did not violate the conditions of his parole. Accordingly, because petitioner's revocation is primarily based on a new criminal conviction, even a very lengthy delay would not be prejudicial. See Sutherland, 709 F.2d at 733 (33 month delay held not prejudicial because new conviction established basis for parole revocation). On this record, where petitioner has not alleged prejudice, and, in fact, cannot demonstrate prejudice, his claim that he is entitled to immediate release because he did not receive a timely revocation hearing is without merit.

II.     **Petitioner's Challenges to the Commission's Authority Are Meritless**

The Commission has full authority to grant, deny, or revoke a D.C. offender's parole, pursuant to D.C. Code § 24-131(a). The Commission exercises its authority over D.C. Code parolees by virtue of the National Capital Revitalization and Self-Government Improvement Act of 1997, Title XI of Pub. L. 105-33, § 11231. See D.C. Code § 24-131(a) (2001); Pate v. United States, 277 F. Supp. 2d 1, 3 n. 2 (D.D.C. 2003); Allston v. Gaines, 158 F. Supp. 2d 76, 78 (D.D.C. 2001). This law expressly requires the Commission to apply D. C. parole laws. See

D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia...").

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well-established.  See, e.g., Morrissey, 408 U.S. at 478-80, 485-89; see also United States v. Addonizio, 442 U.S. 178, 188 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission").  It is equally well-established that a parole agency's exercise of its authority does not violate the separation of powers doctrine and does not unconstitutionally infringe on a judicial function.  See Simpson v. Ortiz, 995 F.2d 606, 610-11 (5th Cir.) (Commission did not violate doctrine of separation of powers by establishing parole eligibility guidelines), cert. denied, 510 U.S. 983 (1993); Geraghty v. U. S. Parole Comm'n, 719 F.2d 1199, 1211-12 (3rd Cir. 1983) (Commission does not perform a "judicial function" when it grants and denies parole), cert. denied, 465 U.S. 1103 (1984); Morrison v. U.S. Parole Comm'n., 2006 WL 1102805, *2 (D.D.C. April 26, 2006).  Hence, there is no merit to petitioner's claim that the Commission somehow acted outside the scope of its authority, or infringed upon the separation of powers doctrine, in this matter.[2]

---

[2]     Petitioner's reliance upon Mistretta v. United States, 488 U.S. 361 (1989), does not assist him.  In Mistretta, the Supreme Court upheld the constitutionality of the U.S. Sentencing Guidelines and the establishment of the Sentencing Commission against nondelegation and separation of powers challenges.  In discerning no impediment under the separation-of-powers doctrine to placing the Sentencing Commission-which does not exercise judicial power, but rather has as its primary task the promulgation of sentencing guidelines–within the judicial branch, the Court observed that "the sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch."  Id. at 384-85, 390 (citations omitted).  Finally, Mistretta precludes the petitioner's reliance on decisions like United States v. Estrada, 680 F. Supp. 1312 (D. Minn. 1988), rev'd, 873 F.2d 1449 (8th Cir. 1989).

In a related argument, petitioner contends that the Commission is without authority because it has been abolished. This, too, is without merit. The Commission's abolition date (originally set for November 1, 1992), has been repeatedly postponed by Congress. At present, Congress has extended the Commission's existence until October 31, 2008. See United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, § 2, Pub. L. No. 109-76, 119 Stat. 2035 (Sept. 29, 2005). Hence, petitioner's claim on this point is without merit.

**III.    The Issuance of the Warrant Preserved the Commission's Jurisdiction to Retake Petitioner After His Full-Term Date**

Petitioner appears to argue that the Commission lacks jurisdiction over him because his sentence expiration date has passed. This argument has no merit. The issuance of a parole violation warrant before a prisoner's full-term date tolls the prisoner's sentence and preserves the Commission's jurisdiction to retake a parolee after the expiration date. See 28 C.F.R. § 2.98(e); Russie v. U.S. Dep't of Justice, 708 F.2d 1445, 1448-49 (9th Cir. 1983). Here, the Commission's warrant was issued on May 2, 2002, well before petitioner's January 12, 2003 full-term date. The issuance of the warrant before the expiration of petitioner's January 12, 2003 full-term date means that the Commission retained jurisdiction over petitioner. Hence, petitioner's claim on this point is baseless.

---

Petitioner's reliance on United States v. Johnson, 48 F.3d 806, 807-08 (4th Cir. 1995), is also misplaced. There, the district court delegated authority to a U.S. Probation Officer in the absence of Congressional authorization. Petitioner's case is distinguishable because the D.C. Code expressly gives authorization to the Commission to revoke the parole of D.C. offenders. See D.C. Code § 24-131(a).

## IV.    Petitioner Is Not Entitled to Credit for His "Street Time"

Petitioner claims that, when his parole was previously revoked, the Commission was barred from forfeiting the time he had spent on parole before the parole revocation, i.e., his street time.  He thus argues that he is being unlawfully detained beyond the expiration of his sentence.[3]

Petitioner is mistaken.  In U. S. Parole Comm'n  v. Noble, 711 A.2d 85 (D.C. 1998), adopting en banc U. S. Parole Comm'n  v. Noble, 693 A.2d 1084 (D.C. 1997), the D.C. Court of Appeals upheld the applicability of D.C. Code § 24-406(a) to D. C. Code parolees like the petitioner.  Section 24-406(a) states, in part, that, when parole is revoked, none of the time the parolee spent under parole supervision shall be credited toward his sentence.  D.C. Code § 24-406(a); see also Exhibit G, D.C. "face sheet" forfeiting street time under Noble; Jones v. Bureau of Prisons, 2002 WL 31189792, *1 (D.C. Cir. Oct. 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *2-3 (D.D.C. Feb. 2, 2006) (same); McKee v. U.S. Parole Comm'n., 2005 WL 3211426, *3-4 (D.D.C. Nov. 28, 2005) (same), aff'd., 2006 WL 3697289 (D.C. Cir. Dec. 8, 2006).

Moreover, the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution.  See Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (en banc); see also Jones, 2002 WL 31189792 at *1 (no Ex Post Facto violation when sentence was recalculated to exclude any credit previously given for street time); Sanders v. U.S. Parole

---

[3]    As petitioner's originally scheduled expiration date has passed and the D.C. Board of Parole has been abolished, the only permissible way petitioner can still be under the Commission's jurisdiction is through the extension of his sentence by virtue of street time forfeiture.

<u>Comm'n.</u>, 2006 WL 473786, * 4 (D.D.C. Feb. 28, 2006) (same).  Therefore, the petitioner's

claim that his sentence was unlawfully extended because of street time forfeiture has no merit.

**<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus is without merit and should be summarily denied.[4]

March 15, 2007                                  Respectfully submitted,

                                               JEFFREY A. TAYLOR
                                               United States Attorney
                                               D.C. Bar Number 498-610

                                               ROBERT D. OKUN
                                               Assistant United States Attorney
                                               Chief, Special Proceedings Division
                                               D.C. Bar Number 457-078

                                               ___/s/_____
                                               MARGARET J. CHRISS
                                               Assistant United States Attorney
                                               D.C. Bar Number 452-403
                                               555 4th Street, N.W.
                                               Special Proceedings Division (10th Floor)
                                               Washington, D.C.  20530
                                               (202) 307-0874

---

[4]     Petitioner's petition includes citations to other cases, authorities and arguments apparently in support of his overall claim that he is entitled to release, but none of these citations are persuasive.  For example, he relies (at p. "F") on Fed. R. Crim. P. 32.1, but that rule applies only to probation and supervised release.  His reliance (at p.3) on <u>Taylor v. U.S. Probation Office</u>, 409 F.3d 426 (D.C. Cir. 2005), is also misplaced.  In that case, the D.C. Circuit held that the rule set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), did not apply to the petitioner's 42 U.S.C. § 1983 action alleging that he should have been held in a halfway house.  Petitioner also relies (at 4) on <u>United States v. Thorne</u>, 153 F.3d 130 (4th Cir. 1998), a case in which the defendant was permitted to withdraw his guilty plea because he was not informed during the plea colloquy that his sentence would include a term of supervised release.  That factual scenario is not present here, however.  Finally, petitioner also appears to argue that the Commission acts improperly in revoking parole based on unsworn statements in police reports.  Again, that situation is not present here, where petitioner was convicted of robbery and hence, if the Parole Commissioners adopt the hearing examiner's recommendation that petitioner's parole be revoked, revocation will be based at least partly upon that conviction rather than unsworn statements in a police report.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 15th day of March 2007, I caused a copy of the foregoing Opposition and attached exhibits to be served, first-class mail, postage pre-paid, on:

Mr. Julius Williams
Fed. Reg. # 24681-016
D.C.D.C.# 247-094
1901 D Street, S.E.
Washington, D.C. 20003

____/s/_____
Assistant United States Attorney

**Exhibit A**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

Julius D. Miller

Case No. F532-90 B

PDID No. 427.820

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of B

Robbery

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to Count (B)

1 Year To 8 years. The Court Recommends Work Release.

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. PSI Attach.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 70 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that copy shall serve as the commitment/order for the defendant.

1/29/91
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

1/29/91
Date

11:10 A.m

_____
Deputy Clerk

Ⓐ

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

OCC 87

.vs.

Julius Miller

Case No. F-8937-95

PDID No. 427-820

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of  ☐ Not Guilty  ☑ Guilty to the Charge(s) of _____

Count A - Escape (from Institution)

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been

convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

Eight (8) Months to Twenty Four (24) Months

_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
   written notice from your Probation Officer.

  ☐ Treatment for  ☐ alcohol problems  ☐ drug dependency or abuse as follows:

   _____

   _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning
   _____ (see reverse side for payment instructions). The Court
   will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and  ☐ have ☑ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

11/28/95
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

11/28/95
Date

Brian Coleman
Deputy Clerk

Form CDl18l-1040/Aug. 87

**Exhibit B**

DP Form 19 DCDC-7-70

### DISTRICT OF COLUMBIA
### DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared
**11/29/95**
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | Race | Sex |
|---|---|---|---|---|
| 247-904 | MILLER, JULIUS | | BLACK | MALE |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 5'8" | 180 | MED | BROWN | BLACK | 25 | | WASHINGTON, D.C. |

**TOTAL SENTENCE: 8MONTHS TO 10YEARS LESS 133DAYS JAIL CREDIT PLUS 373 DAYS INOPERATIVE TIME**

| | | | |
|---|---|---|---|
| Offense | ROBBERY | ESCAPE FRM INSTIT | |
| Case Number | F532-90(B) | F8937-95(A) | |
| Sentence (Yrs., Mos., Days) | 1/8 YEARS | 8/24 MONTHS CONS. | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 1-29-91 | 11-28-95 | |
| Full Term Date (Mo., Da., Yr.) | | 9-25-2001 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 8-13-99 | |
| Parole Eligibility Date (Mo., Da., Yr.) | | 7-27-96 | |
| Max. Supervision Date (Mo., Da., Yr.) | | N/A | |
| Statutory Good Time Rate / Month | | 768 DAYS | |
| Plea | GUILTY | GUILTY | |
| Committing Judge | WEISBERG | SATTERFIELD | |
| Defense Attorney | | | |
| Initialed By: | | SES | |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | 3-23-94 | 3DAYS | (ETAP)EGT | | |
| | | | 5-16-94 | 3DAYS | (SAAP)EGT | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | TTL $40.00 VVCC ASSESSED |
| 9-18-90 | 1-28-91 = 133DAYS | |
| | | ESCAPEE INOPERATIVE TIME: 7-18-91 TO 11-11-91 =117 DAYS |
| | | ESCAPEE INOPERATIVE TIME: 5-15-93 TO 9-9-93 = 118 DAYS |
| | -- | ESCAPEE INOPERATIVE TIME: 4-27-95 TO 9-11-95 = 138 DAYS |



YELLOW COPY TO ADP

**Exhibit C**




# The Board of Parole

## *of the*

## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 247-904                    NAME  JULIUS D MILLER

**DOB** ▓▓▓▓▓▓              SSN ▓▓▓▓▓▓        LOCATION  MEDIUM

**DOCKET** H9605-0070          **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

   GRANT PAROLE TO SUPERVISION

Implementation of this Order shall include the following:
Special Conditions of Parole

   PAY VVCC

Special Instructions for Reconsideration

   ALCOHOL ABSTINENCE

Remarks:

06/10/1996                    6/18/96
_____                    _____
Date                                      Chairman
                                   on behalf of the Board of Parole

                              Seal
NOA Date _____ by _____          [ Parole Determination File ]

**<u>Exhibit D</u>**

 

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

**ADULT**
AP# 17920-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Miller, Julius                           D.C.D.C. 247-904     is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will
remain at liberty without violating the law and that the release of the individual to supervision
is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-
named be PAROLED on  September 17th  , 19 96 , and that said person remain under
supervision within the limits of the  Washington Metro Area    (including the District of
Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax
Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)
until  September 25th 2001  ,   .   ; unless or until other action is taken by the District
of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide
by and comply with all of the conditions of parole as shown on the reverse side of this
CERTIFICATE.

Given under the hands and seal of the BOARD this  10th  day
of  June  , 19 96 .

The above-named was released on
the ......... day of ................., 19......

-----------------------------------------
Administrator



81—P5804

**Exhibit E**




## *The Board of Parole*
### *of the*
### *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC  247-904                          NAME  JULIUS D MILLER

DOB  ████████                          SSN  ████████          LOCATION  OCCOQUAN FACILT

DOCKET  H9802-0025                     CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER
FOR REPAROLE BY 07/05/1998

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION
NO NEW DISCP. REPORTS
NARCOTICS ANONYMOUS

Remarks:

FAILED TO CARRY OUT PO INSTRUCTIONS
NONCOMPLIANCE: INPAT DRUG PROG

02/25/1998
Date

Seal

NOA Date  3/9/98   by  _____

F H
5/27/98

Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
BAKER, D

**Exhibit F**




# The Board of Parole
### of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 247-904                    **NAME** JULIUS D MILLER

**DOB** ███████                    **SSN** ███████    **LOCATION** OCCOQUAN FACILT

**DOCKET** H9806-0051          **CONSIDERATION TYPE** H:REPAR CONSIDE

The District of Columbia Board of Parole issues the following **ORDER**:

DENY PAROLE; RECONSIDER FOR PAROLE BY 07/02/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMPLETE SUBS. ABUSE PROG
EVAL ADDICTION RX NEEDS
NARCOTICS ANONYMOUS

Remarks:

06/16/1998
_____
Date

_Margaret Quick_

Chairman
on behalf of the Board of Parole

Seal

NOA Date _6/24/98_ by _MB_

[ Parole Determination File ]

Ⓖ

**Exhibit G**

ADP Form 19 DCDC-7-70

 

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared
8/3/98
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|
| 247-904 | MILLER, JULIUS | | | | | AFRO-AN | MALE |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | ▓▓▓▓▓ | WASHINGTON, D.C. |

| | |
|---|---|
| Offense | D.C.P.V. |
| Case Number | |
| Sentence (Yrs., Mos., Days) | OWES 1835 DAYS |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 1-5-98 |
| Full Term Date (Mo., Da., Yr.) | 1-12-2003 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 9-18-2001 |
| Parole Eligibility Date (Mo., Da., Yr.) | DISCRETION OF PAROLE BOARD |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 482 DAYS |
| Plea | ----- |
| Committing Judge | ----- |
| Defense Attorney | SES |
| Initialed By: | |

## DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

## CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |

## JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| "NO STREET TIME AWARDED DUE TO THE NOBLE DECISION" | |

## REMARKS

PV TERM CONVERTED TO: 5YEARS & 9 DAYS

YELLOW COPY TO ADP

**Exhibit H**

 

### D.C. REHEARING FOLLOWING D.C. REVOCATION HEARING SUMMARY

**Original Offense of Conviction** - Robbery (1-8 years) Escape (8-24 months consecutive)

**Violation Offense Behavior** - Abscondence From Supervision

| | | | |
|---|---|---|---|
| **Name** | :MILLER, Julius | **Institution** | :Sussex II |
| **Reg No** | :00247+904 | **Projected MR Date:** | 9/17/01 |
| **Date of Birth:** | ▓▓▓▓▓ | **Full Term Date:** | 1/12/03 |
| **Date Dictated:** | 10/18/99 | **Fines/Restitution/Court Assessment:** | $40 (VVCC) |
| | | **Reviewer** | :Jacqueline R. Wynn |

---

**I.    PREVIOUS COMMISSION ACTION:**  By NOA dated 6/24/98 the DC Parole Board ordered subject be denied re-parole and that he be considered for re-parole by 7/2/99.  According to subject he was denied parole at his consideration hearing because the DCPB was of the opinion he needed to complete rehabilitative programs to minimize his risk to the safety of the community.  Subject was ordered to complete the substance abuse program, attend NA and be evaluated for the community base drug treatment program.

**II.   REVIEW OF CHARGES:**  Charge #1:  Failure to Keep PO advised of Residence.

Subject states that he had been referred to an inpatient drug program. He states that while in the program, his mother took ill.  He requested from the program staff person, permission to go check on his mother.  He was declined permission to leave the program.  He therefore left without proper authorization and did not advise his PO of his whereabouts.  A warrant was issued for subject's retake on 11/12/97.  That warrant was executed on 1/5/98.  On 3/9/98 subject's parole war revoked and he was given reconsideration of 7/5/98.  Subject appeared for his re-hearing in June, 1998, but because he had not completed the rehabilitative programs, he was given another year set-off with special instructions to complete those programs.

**III.  COMMUNITY RESOURCES AND PAROLE RISK:**  Upon release, subject plans to reside with a female friend, Charmaine Taylor in Northwest DC.  He states that he can return to his former employer, Village Economy as a stock person.

**IV.   SALIENT FACTOR SCORE:**

A =     Subject has  or more prior conviction(s) .

B =     Subject has  prior commitments of more than 30 days that were

 

imposed prior to the last overt act of the current offense (see dispositions listed above).

C =    Subject was  years old at the commencement of the .  Subject has prior commitments.

D =    Subject .  Date of last release:

E =    Subject  a

F =    Subject  41 years of age or more at the commencement of the current offense.

8    **TOTAL SCORE**

**V.    RISK:**  Subject is a serious risk because of his involvement in a robbery offense. He is a poorer risk because of his failure under community supervision and his escape that occurred while in the service of the robbery commitment.  The current offense in the subject's only conviction of record.

**VI.EVALUATION:**  The Parole Violation Behavior is rated as Category One severity because it involved non-criminal administrative violations of parole.  He has a SFS of 5.  The reparole guideline range is 8-12 months.

As of October, 1999 subject has been in continuous custody 21 months.  This is well above the Commission's guidelines.

During the time subject has been in service of this 21 months he has managed to complete the 120-day substance abuse program at Occoquan.  This program included anger management, self-esteem, communication conflict resolution, the substance abuse program, and participation in NA.  After having completed that substance abuse program, subject continued his involvement in AA.  He was then transferred to Sussex.  Subject was transferred to Sussex in January 1999.  Since his arrival here he has maintained a detail.  Throughout the 21 month period of confinement, subject has not suffered any disciplinary infractions.  Subject still owes $40 under the victims of violent crimes compensation act.  This examiner would recommend that subject be granted parole.

**VII. RECOMMENDATION:**

Parole effective after the service of 24 months (1/5/00) with the special drug aftercare condition.

**VIII.REASONS BY SHOQUIST:**You have already served above the guidelines at the time of your hearing and additional time is needed for release planning through a CCC.
**ADDENDUM BY SHOQUIST:**
I recommend 3 additional months to release through a CCC.
**RECOMMENDATION:** Parole effective April 12, 2000 with the special drug aftercare and with the highest level of supervision and with placement in a CCC for up to 90 days prior to release  on parole recommended.
LRW
October 31, 199

MILLER.247                                    Page 2 of 2

**Exhibit J**

U.S. Department of Justice                    **Notice of Action** 

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: **MILLER, Julius**                    Institution: D.C.-Community Release Program

Register Number: 00247+904                    DCDC No.: 247-904

---

In the case of the above named the following parole action was ordered:

Reopen and retard parole effective date of April 12, 2000 by 35 days and parole effective May 17, 2000. It is recommended that the prisoner be placed in a program of the CCC for up to 90 days prior to release. You shall be subject to the highest level of supervision.


**With the special condition(s) as indicated below :**

You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

The decision to retard the parole effective date and the special condition(s) are not appealable.


**REASONS:**

Your release date is being retarded for release planning pursuant to 28 C.F.R. 2.82.


cc:     Elias Kibler, Director
        Parole Supervision Services
        D.C. Court Services and Offender Supervision
        300 Indiana Avenue N.W.
        Suite 2132
        Washington D.C. 20001

---

Date: March 30, 2000                                    Clerk: JEH

Page 1 of 1                                    MILLER.002

**Exhibit I**

**U.S. Department of Justice** ● ●          **Notice of Action** ● ●

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: **MILLER, Julius**

---

Register Number: 00247+904                    Institution: Sussex

---

In the case of the above-named, the following parole action was ordered:

Parole effective on April 12, 2000, after the service of 27 months, with recommendation for placement in a community corrections center for up to 90 days prior to the parole date, and with the highest level of supervision. In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**NOTE:** Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered. If your release plan is to a jurisdiction outside the District of Columbia, arrangements must also be made by CSOSA for your supervision under the Interstate Compact, which may delay your release on parole.

**REASONS:**

Your parole violation behavior is rated as Category One severity because it involved administrative violations. Your salient factor score (SFS-98) is 5. You have been in confinement as a result of your behavior for a total of 21 months as of October 15, 1999. Guidelines established by the Commission for revocation behavior indicate a customary range of 8-12 months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented a decision above the guidelines appears warranted because the following circumstances are present: You had already served above the guidelines at the time of your hearing and additional time is needed for release planning through a CCC.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:      D.C. Court Services & Offender Supervision Agency
         300 Indiana Avenue, N.W.
         Suite 2134
         Washington, D.C. 20001

Date: **November 10, 1999**                         Clerk: **adc** 

| our Pts | Item Explanation | SALIENT FACTOR SCORE |

 

1   .... **A - Prior convictions/adjudications (adult or juvenile)**
      None = 3; One = 2; Two or three = 1; Four or more = 0

1   .... **B - Prior commitments of more than thirty days (adult or juvenile)**
      None = 2; One or two = 1; Three or more = 0

3   .... **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**

0   .... **D - Recent commitment free period (three years)**
      No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment
      at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   .... **E - Probation/parole/confinement/escape status violator this time**
      Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a
      probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   .... **F - Older offenders**
      If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above
      is 9 or less) = 1; Otherwise = 0

| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | |
| | 0-3    4    5+ | |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Date: November 10, 1999                 Clerk: adc

**Exhibit K**



# Memorandum

*NF F 0 S*    OCOSA



2000 APR 20  A 10: 02

| | |
|---|---|
| **Subject** | **Date**      MAY 1 9 2000 |
| **PAROLE CERTIFICATE** Parole Supervision Services | April 19, 2000 |
| **MILLER, Julius** Information & Resources | |
| **REG No. 00247+904** | **DCDC No. 247-904** |

| To | From |
|---|---|
| Williette Copeland | *Mary Jo Williams* |
| Community Supervision Services | Mary Jo Williams |
| D.C. Court Services & Offender | Case Analyst |
|   Supervision Agency | U.S. Parole Commission |
| 300 Indiana Avenue, N.W. | |
| Suite 2132 | |
| Washington, 20004 | |

Attached is the Parole Certificate for the above-named.  Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

> 5550 Friendship Boulevard
> Suite 420
> Chevy Chase, MD   20815-7286

If you have any questions, please contact this office at (301) 492-5821.  Thank you for your continued cooperation.


\ttachment





 **Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **MILLER, Julius**, REG No. **00247+904**, (DCDC No. **247-904**), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **May 17, 2000**, and that said prisoner is to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) to and including **January 12, 2003**.

Given under the hands and the seal of the United States Parole Commission on **April 19, 2000**.
UNITED STATES PAROLE COMMISSION

By: **Mary Jo Williams, Case Analyst**

Docket/Case Number: F-8937-95F/F-532-90B

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____         247-904
Name                                             DCDC No.

Witnessed: _____, CSO             5-10-00
            Name and Title                       Date

The above-named person was released on the 7 day of May, 19 2000 with a total of 970 days remaining to be served.

_____
Official Certifying Release

This CERTIFICATE will become effective on ●● of release indicated above. If the releasee fa●● ●●ply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole *(300 Indiana Avenue, NW, Suite 2134, Washington, DC 20001.)*

2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Parole Officer.

4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Parole Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Parole Officer at other times as your Parole Officer directs, providing complete and truthful information.

6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Parole Officer if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Parole Officer.

8. You shall work regularly unless excused by your Parole Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Parole Officer any changes in employment. You shall notify your Parole Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Parole Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit confiscation by your Parole Officer of any materials which your Parole Officer believes may constitute contraband in your possession and which your Parole Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Parole Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Parole Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by the Board of Parole or the Parole Officer.

14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.

15. The U.S. Parole Commission may add to, modify, or delete any condition of parole at any time prior to the release of the offender. Following delivery of the parole or mandatory release certificate, such jurisdiction is vested in the Board of Parole of the District of Columbia until that jurisdiction is transferred to the U.S. Parole Commission on or before August 5, 2000.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. § 4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

**You shall also abide by the below listed special condition(s) as indicated:**

**With the highest level of supervision.**

**In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.**

 
Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**<u>Exhibit L</u>**




**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*NY E 05*

*Community Supervision Services*
*General Supervision Branch*



MAR  7 2001

RECEIVED

March 5, 2001

REPORT OF ALLEGED VIOLATION(S)

| | | | |
|---|---|---|---|
| **TO:** | 'United States Parole Commission' | | |
| **FROM:** | Diane Hardy | **Unit:** | Team 14 |
| | Community Supervision Officer | **Telephone:** | 202-610-7834 |

| | | | |
|---|---|---|---|
| **Client:** | Miller, Julius D. | **FBI #:** | 361864KA9 |
| **DCDC #:** | 247-904 | **PDID #:** | 427-820 |

Action Recommended:    Warrant

**Sentencing Information:**

Mr. Miller was sentenced on 1-29-91 to 1-8 years for Robbery; and on 11-28-95 to 8-24 months for Escape. The subject was released on 5-17-00, with a scheduled full term date of 1-12-03. He has a special condition of special drug aftercare.

**Violations:**

**Allegation #1 – Illegally Used A Controlled Dangerous Substance**
Mr. Miller illegally used a controlled dangerous substance cocaine on or about 12-12-00. The attached supporting evidence is Drug Status Report.

**Allegation #2 – Noncompliance: Narcotics Surveillance**
Mr. Miller failed to report for narcotics surveillance on 10-31-00, 1-9-01, and 2-1-01. The attached supporting evidence is Drug Status Report, and copies of referrals for drug testing.

**Allegation #3 – Failed To Keep PO Informed Residence**
Mr. Miller failed to keep the parole officer informed of his place of residence on or after 9-18-00. The attached supporting evidence is OASIS field contact printout.

**Allegation #4 – Failed to Obey All Laws**
Mr. Miller failed to obey all laws, as evidenced by his arrest on 12-21-01 for No Permit. The attached supporting evidence is OASIS field contact printout, and Supervision Report dated 1-8-01.

Mr. Miller failed to obey all laws, as evidenced by his arrest on 2-14-01 for Domestic Assault and Battery, and Unauthorized Use of a Vehicle, Arlington County Juvenile and Domestic Relations Court Case #A1553501 and A1553502. The attached supporting evidence is Arlington County Police Department Incident Report.



Court Services and Offender Supervision Agency                                                  Page 2

**Allegation #5 – <u>Failed To Report As Directed</u>**

Mr. Miller failed to report on 2-13-01, as directed on 2-12-01. The attached supporting evidence is OASIS field contact printout.

**Case Summary:**

Mr. Miller's address of record was 3600 Ely Place S. E., with his cousin Sheila Marr. This officer contacted Ms. Marr by telephone on 2-26-01. She reported that the subject was suppose to move in with her, but he never did.

Mr. Miller reports that he is employed with Redmond's Cleaning Services located at 5022 36th Avenue, Hyattsville MD. His employment was last verified by pay stub 1-23-01. This officer attempted to contact his employer by telephone on 2-23-01 and 2-26-01, but no one was available.

Mr. Miller has submitted two urine samples, in which one returned positive for cocaine on 12-12-00. He was referred to PDTU for a spot test on 10-30-00, but he failed to report. The subject was referred for weekly drug testing on 1-9-01 and 2-1-01, but he failed to report for placement on either date. Mr. Miller was referred for a Screener/Addictions Severity Index Evaluation on 12-19-00. His appointment was initially scheduled for 1-22-01, however this officer was unable to contact him with that information. The subject's appointment was rescheduled for 3-5-01.

Mr. Miller was arrested in Washington DC on 12-21-00 for No Permit. The subject elected to forfeit a $75.00 fine, and he was released. As the fine was paid at the Metropolitan Police Department Second District Station, no information was forwarded to D. C. Superior Court.

Mr. Miller was also arrested in Arlington County on 2-14-01 for Domestic Assault and Battery and Unauthorized Use of a Vehicle, Arlington County Juvenile and Domestic Relations Court Case #A1553501 and A1553502. This incident took place at 901 N. Stuart Street #300. It was reported that Mr. Miller arrived uninvited, at the office of his girlfriend Zanelle Rainey. He demanded $200. Ms. Rainey refused and asked for the key to her car. A verbal dispute followed which led to Mr. Miller assaulting Ms. Rainey. He grabbed the sleeve of her shirt, and stated "I'll hit you in the face", "I'll stab you", and "I'll shoot you." Mr. Miller then left the office and Ms. Rainey called 911. Arlington County Police Officers encountered and detained Mr. Miller, while the victim was escorted to the Magistrate's Office to obtain a warrant. Mr. Miller was subsequently arrested and transported to booking. A Preliminary Hearing has been scheduled for 3-14-01, and the subject is currently being held at the Arlington County Detention Center.

**Recommendation:**

Based on the information contained in this report, this officer respectfully requests that a warrant be issued and filed as a detainer at the Arlington County Detention Center.



Court Services and Offender Supervision Agency    Page 3

Respectfully Submitted,

Signature: _Diane Hardy_    _3-5-01_
    Diane Hardy    Date:
    Community Supervision Officer

Approved by:

Signature: _Kathleen Addison_    _3-5-01_
    Kathleen Addison    Date:
    Supervisory Community Supervision Officer

cc:

**<u>Exhibit M</u>**

# Memorandum   A

**WARRANT APPLICATION & WARRANT**
**Re: MILLER, Julius**

**DCDC No. 247-904**
**PDID No. 427-820**

**Date Warrant Issued:**

March 14, 2001

To:

U.S. Marshal
District of Columbia - District Court
1103 U.S. Courthouse
3rd & Constitution Avenues, N.W.
Washington, D.C. 20001

From:
Tom Kowalski
Consultant/Examiner
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**The parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released.**

After execution of the warrant, (1) give one copy of warrant application to the prisoner; (2) provide one copy of the warrant application to the parole officer as soon as practical after taking custody; and (3) advise the Parole Commission and the parole officer that subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one warrant and one warrant application with the Warden.

**PAROLE OFFICER:** Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

cc: Williette Copeland
Community Supervision Services
D.C. Court Services and Offender Supervision Agency
300 Indiana Avenue, N.W.
Room 2010
Washington, D.C. 20004



**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**
D.C. Code Offender

| | |
|---|---|
| Case Of . . . . . . . . . . . . . . . . . . . . . MILLER, Julius | Date . . . . . . . . . . . . . . . . . . . . . . . . . . . March 14, 2001 |
| Reg. No . . . . . . . . . . . . . . . . . . . . . 00247+904 | Termination of Supervision Date . . . . . . . . . 1/12/03 |
| DCDC No. . . . . . . . . . . . . . . . . . . . 247-904 | [If Conviction Offense Before April 11, 1987 and |
| PDID No. . . . . . . . . . . . . . . . . . . . . 427-820 | Offender Is On Mandatory Release, Termination |
| FBI No . . . . . . . . . . . . . . . . . . . . . 36186KA9 | Date Is 180 days Prior To Full Term] |
| Birth Date . . . . . . . . . . . . . . . . . . | Violation Date . . . . . . . . . . . . . . . . . . . . . 10/31/00 |
| Race . . . . . . . . . . . . . . . . . . . . . black | Released . . . . . . . . . . . . . . . . . . . . . . . . . 5/17/00 |
| Sentence Length . . . . . . . . . . . . . . 8 years | |
| Original Offense . . . . . . . . . . . . . . Robbery | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be appointed for you if you fill out and promptly return a request for representation to the interviewing officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole or mandatory release, you will not receive credit toward service of your sentence for time spent on parole/mandatory release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing.** On or about the following dates, subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his/her release: 10/31/00, 1/9/01 and 2/1/01. This charge is based on information contained in the letter dated 3/5/01 from supervision officer Diane Hardy.
I ADMIT [  ] OR DENY [  ] this charge.

**Charge No. 2 - Failure to Report Change in Residence.** On or about 9/18/00 the subject left his place of residence without notifying supervision officer Diane Hardy. Subject was scheduled to move in with his cousin Sheila Marr but never did. This was verified by telephone call to Ms. Marr. This charge is based on information contained in the letter dated 3/5/01 from supervision officer Diane Hardy and Field Contact Sheet.
I ADMIT [  ] OR DENY [  ] this charge.

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.** On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

12/12/00 - cocaine

This charge is based on information contained in the letter dated 3/5/2001 from supervision officer Diane Hardy and lab report(s) dated 12/12/00.
I ADMIT [  ] OR DENY [  ] this charge.

**Charge No. 4 - Law Violation - (a)Domestic Assault and (b) Unauthorized Use of Motor Vehicle.** On or about 2/14/01, subject was arrested by Arlington County Police Department for the above-cited offense(s) which occurred on or about 2/14/01. Information contained in the police report dated 2/14/01 indicates that police responded to a domestic assault call and upon arrival discovered that the subject and his girlfriend had be co-cohabiting for about 2 months. Earlier on 2/14/01 the subject had arrived at the girlfriend's work and demanded $200 which she refused to give him. At this time, she also asked that he return her car keys. This verbal dispute led to the subject assaulting his girlfriend. He grabbed her right shirt sleeve and stated "I'll hit you in the face", "I'll shoot you" and "I'll stab you". He then left the office and the girlfriend called 911. Officers noticed a large bruise on the woman's left cheek and she admitted that the subject had her there but it had happened earlier in the week. She stated that she had earlier obtained a warrant for Unauthorized use of her car but later dismissed it because she thought they could work things out. She did state that the subject took her car on February 8th, 2001 and had not yet returned it. This charge is based on information contained in the letter dated 3/5/2001 from supervision officer Diane Hardy and Arlington Police Department report dated 2/14/01.
I ADMIT [  ] OR DENY [  ] this charge.

**Julius MILLER**
**Warrant Application**
**Page 1 of 2**

Preliminary Interview Is Required

Warrant Recommended By:

Tom Kowalski, Consultant/Examiner
U.S. Parole Commission,

Warrant Issued.....................................March 14, 2001

Community Supervision Office Requesting Warrant..District of Columbia (1 - Main)

( ) Commission     ( ) Inmate     ( ) Institution     ( ) CSOSA     ( ) Interviewing Officer     ( ) Chron

Julius MILLER
Warrant Application
Page 2 of 2



# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, MILLER, Julius, Reg. No. 00247+904, (DCDC No. 247-904), PDID No. 427-820 was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 8 years for the crime of Robbery   and was on 5/17/00 released on parole from  with 1293 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205 and 24-1231 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 14, 2001.

_____
U.S. Parole Commissioner

**<u>Exhibit N</u>**

# D.C. PROBABLE CAUSE HEARING

Name.............................: **MILLER, Julius**      Hearing Date.................: **January 25, 2002**

Reg. No. .........................: **24681-016**      Examiner..............: *Hawots*

Type of Release ............:**Parole**      CSO......................: **Diane Hardy**

Date Warrant Executed.: **January 23, 2002**

---

**Attorney at Probable Cause Hearing:**

[✓] PDS      [ ] Other      [ ] None

Name _Vincent Wilkins_

Address _DC PDS_

Phone _____

**Attorney Representing Parolee at Revocation Hearing:**

[✓] PDS      [ ] Other      [ ] Unknown

Name _Leila Thames_

Address _DC PDS_

Phone _____

---

**I. Items Advised** *{Check that the parolee has been advised of the following two rights}:*

[✓] Advised of Right to a Probable Cause Hearing   [✓] Advised of Right to Attorney

---

**II. Reason For Not Conducting Probable Cause Hearing**

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [ ] At Request of Attorney/Prisoner          [ ] Prisoner Unavailable

    [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

Julius MILLER                    Reg. No. 24681-016          Page 1 of 6

## III.  Review of Charges

Charge No. 1 - Failure to Submit to Drug Testing

[ ] **ADMITS**        [X] **DENIES**

Parolee Response: _____ *No Statement* _____

_____

_____

_____

[✓] ] **Probable Cause Found**.  After considering the violation report dated 3-5-01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1.   Additional reasons for probable cause finding:_____

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

Charge No. 2 - Failure to Report Change in Residence

[ ] **ADMITS**        [X] **DENIES**

Parolee Response: _____ *No Statement* _____

_____

_____

_____

[✓] **Probable Cause Found**.  After considering the violation report dated 3-5-01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2.   Additional reasons for probable cause finding:_____

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs**

Julius MILLER                         Reg. No. 24681-016         Page 2 of 6

[ ] **ADMITS**    [✓] **DENIES**    *No Statement*

Parolee Response:_____

_____

_____

_____

_____

[✓] **Probable Cause Found**.  After considering the violation report dated 3-5-01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3.   Additional reasons for probable cause finding:_____

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

---

Charge No. 4 - Law Violation – a) Domestic Assault, b) Unauthorized Use of Motor Vehicle,

[ ] **ADMITS**    [✓] **DENIES**    *No Statement*

Parolee Response:_____

_____

_____

_____

[✓] **Probable Cause Found**.  After considering the violation report dated 3-5-01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4.  Additional reasons for probable cause finding: *Arlington Co, VA Police Report dated 2-14-01*

_____

[ ] **NO PROBABLE CAUSE FOUND**

---

**IV.  Additional Charges:** *None*

_____

_____

Julius MILLER                    Reg. No. 24681-016        Page 3 of 6

## V. Outcome of Probable Cause Hearing:

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

[  ] **Reinstate** to Supervision  or  [  ] **Close Case** *{If expiration date has passed}*

[X] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[X] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

## VI. Adverse Witnesses Identified by the Commission:

Name: Diane Hardy, CSO    Status:  [X] Approved    [  ] Not Approved    [  ] Pending Further Review

Name: Officer J. Bryk    Status:  [X] Approved    [  ] Not Approved    [  ] Pending Further Review

Name: Zanelle Rainey, victim    Status:  [X] Approved    [  ] Not Approved    [  ] Pending Further Review

## VII. Adverse Witnesses Requested by Parolee:  *none*

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

Name:_____

Address:_____

Julius MILLER                    Reg. No. 24681-016            Page 4 of 6

Phone No. _____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial: _____

_____

_____

_____

Name: _____

Address: _____

Phone No. _____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial: _____

_____

_____

_____

**VIII. Revocation Hearing:** *Release from Custody Recommended*

[X] Local Revocation **or**    [ ] Combined Probable Cause/Local Revocation on:

**Location:** [X] CTF  [ ] DC Jail  **Date:** 3-11-02    **Time:** [ ] am  [X] pm

[ ] Other at _____ *Issue Summon to*

_____ *Appear for Revocation Hearing*

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.**
**E-Mail Address:  continue.hearing@usdoj.gov**

Additional Text: *Release Pending Revocation Hearing is recommended*
*USPC analyst should check to*
*determine if there has been any*
*court activity on the charges from 2-14-01*

*J. Robertson Hawit* _____ 1-25-02
Examiner                              Date

**Disclosure Documents:**  Pre-Sentence Report, Warrant dated 4-14-01, Warrant Application dated 4-04-01, Parole Certificate dated 4-19-00, Report of Alleged Violations dated 3-5-01

**I acknowledge having received the above disclosure documents and a copy of this document.**

*Julius Miller* _____ 1/25/02
Attorney/Parolee                    Date

Julius MILLER                    Reg. No. 24681-016            Page 6 of 6

*Subject is now married. He was to start work at a Candlelady in Temple Hills, MD the day before we arrested him. He has been reporting to PO & Not a flight risk.*

**Exhibit O**

 

**U.S. Department of Justice**                              Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: MILLER, Julius

Register Number: 24681-016              Institution:  D.C. Central Detention Facility

In the case of the above-named, the following parole action was ordered:

Release forthwith from the custody of the warrant dated 3/14/01 and summons to a local revocation hearing. You shall report to your Community Supervision Officer immediately upon your release.

THE ABOVE DECISION IS NOT APPEALABLE

cc:     Sharon Barnes-Durbin
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Room 2010
        Washington, D.C. 20001

        U.S. Marshal
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 7337
        Washington, D.C. 20001
        Attn: Warrant Squad

Date: January 28, 2002                          Clerk: dej      

**<u>Exhibit P</u>**



**Court Services and Offender Supervision Agency
for the District of Columbia**

*Community Supervision Services*
*General Supervision Branch "B"*

### REPORT OF ALLEGED VIOLATION(S)

April 16, 2002

**TO:**    The United States Parole Commission
**FROM:** Kelly M. Jones, Community Supervision Officer
**Unit:**   Branch IIB, General Supervision, Team 14
            Telephone:    202-585-7820

**Client:** Julius Miller          **FBI #:**      361864K9
**DCDC #:**          247-904        **PDID #:**    427-820
            24681-016

Action Recommended: **WARRANT REQUESTED**

**Sentencing Information:**

Mr. Miller was sentenced on January 29, 1991, to one to eight years for Robbery and On November 28, 1995, the subject was sentenced to 8 to 25 months for Escape. The subject was released on May 17, 2000. A violation report was submitted to the USPC on March 5, 2001, and a warrant was issued for the subject's apprehension. Mr. Miller served 180 days and was reinstated to parole on January 28, 2002, as a mandatory release, with a full-term date of January 12, 2003.

**Violations:**

ALLEGATION #1  Mr. Miller has tested positive for the use of illicit substances on the following dates:
March 4, 2002, positive for cocaine
March 11, 2002, positive for cocaine
March 18, 2002, positive for cocaine

ALLEGATION #2 Mr. Miller failed to report to drug testing on the following dates:
March 21, 2002, and April 4, 2002. On April 8, 2002, the offender was suspended from testing.

ALLEGATION #3 Mr. Miller has committed the offense of Robbery on April 12, 2002 (See attached warrant).

ALLEGATION #4 Mr. Miller failed to report on April 15, 2002.

ALLEGATION #5  Mr. Miller failed to provide officer with new address.

CASE SUMMARY

Mr. Miller's parole supervision is deemed unsatisfactory. On April 15, 2002, this officer received a call from Ms. Carol Hooks, mother-in-law to the offender. Ms. Hooks reported that Mr. Miller robbed the

*1418 Good Hope Road, S.E.*
*Washington, D.C. 20020*
*Voicemail: 202-585-7820*
*Fax: 202-585-7840*

American Pride Gas Station at 6801 Livingston Road in Oxon Hill, in Prince George's County, Maryland. This officer instructed Ms. Hooks to give the authorities in Prince George's County, this officer's name and telephone number, as consistent with the Cross Boarders Program. Ms. Hooks went further to state that she last saw Mr. Miller on Friday April 12, 2002 and that the subject was not allowed in her home at 1208 Wentworth Drive, Maryland, the subject's residence. Detective Broadus, ID 1962, called and informed this officer that Mr. Miller was positively identified as the alleged suspect of the American Pride robbery on 4/12/02 at approximately 1858 hrs. Detective Broadus faxed this officer the warrant request, which indicated Julius Miller as the suspect.

On April 16, 2002, Detective Broadus was accompanied by a Metropolitan Police Officer to execute the warrant. This officer was shown photographs of the subject, Julius Miller. The subject failed to report as instructed during the office visit of March 29, 2002.

Mr. Miller was charged with Fugitive From Justice on April 17, 2002, in the District of Columbia, and has a continued date of April 24, 2002. Mr. Miller is being held without bond at D.C. Jail. The state of Maryland will extradite.

To date, Mr. Miller is a loss of contact. He has no fixed address. Mr. Miller poses a serious threat to public safety.

## RECOMMENDATION

A warrant is requested for the allegations listed above. The Halfway Back Program is not appropriate for the offender, as he is a loss of contact.

Respectfully Submitted,

Signature/CSO _____

Approved By:

Signature/SCSO _____

**<u>Exhibit Q</u>**

# Memorandum

| Subject | Date |
|---|---|
| **Miller, Julius**<br>**Reg. No. 24681-016**<br>**DCDC No. 247-904** | **April 23, 2002** |

| To | From |
|---|---|
| U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Avenue, N.W.<br>Room 7337<br>Washington, D.C. 20001<br>Attn: Warrant Squad | Deirdre Jackson<br>Case Analyst<br>U.S. Parole Commission |

Enclosed is a copy of a Supplemental Warrant Application concerning subject's alleged violation. Please

provide subject with a copy and attach this to the Warrant and Warrant Application dated **March 14, 2001**.

cc:  Sharon Barnes-Durbin, SCSA
      CSS Data Management Group
      D.C. Court Services and Offender Supervision Agency
      300 Indiana Avenue, N.W., Suite 2149
      Washington, D.C. 20001

U.S. DEPARTMENT OF JUSTICE                          **SUPPLEMENT**
UNITED STATES PAROLE COMMISSION                     D.C. Code Offender

Name .........................Miller, Julius
Reg. No ....................24681-016
DCDC No.................247-904
FBI No......................36186KA9
Birth Date ...............
Race .........................Black
Date..........................April 23, 2002

**CHARGES:**

**Charge No. 5 – Law Violation – Armed Robbery.** On 4/13/2002, the subject entered the Pride of America gas station in Oxon Hill, Maryland, implied he had a gun and announced a robbery. Subject stole approximately $700 and fled on foot. The subject was arrested by Washington Metropolitan Police for the above-cited offense on 4/17/2002. This information is contained in the application for statement of charges dated 4/13/2002. This charge is based on the information contained in the violation report dated 4/16/2002 from Community Supervision Officer Kelly Jones. Status of Custody/Criminal Proceedings: In custody. Charges pending.
I ADMIT [   ] or DENY [   ] this charge.

Warrant Issued ...............March 14, 2001
District Sent To ..........

Warrant Recommended By:

*Deirdre Jackson*

**Deirdre Jackson, Case Analyst**
**U.S. Parole Commission**

**<u>Exhibit R</u>**

 

# Memorandum

**To:**     File

**From:**   Deirdre Jackson

**Date:**   5/1/02

**Re:**     Miller, Julius  24681-016

---

The US Parole Commission issued a warrant on 3/14/2001.  The warrant was executed 1/23/2002.  Probable cause was found on 1/25/2002.  The USPC released subject from custody on 1/28/2002 to summon subject to a revocation hearing.

Although there is no summons in the file, it appears as though subject's original revocation hearing was scheduled for 3/11/2002.  It was postponed and the hearing was scheduled for 5/6/2002.

On 4/16/2002 subject was arrested for Robbery.  The offense took place on 4/13/2002.

On 4/23/2002 the original warrant was supplemented to include the new Robbery offense.  On 5/1/2002 the file was returned to the analyst with the instruction to issue a new warrant since the original warrant could not be supplemented since it had already been executed and subject was released from the custody of that warrant.

On 5/1/2002 a new warrant was issued ,to be lodged as a detainer, charging subject with the original parole violations as well as the new criminal violation that was listed on the 4/23/02 supplement.

1

**U.S. Department of Justice**
**U.S. Parole Commission**

## ORDER

Name *Miller, Julius*

Register Number *24681 - 016*     ~~Institution~~ → *C/O  CSOSA*

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

*Withdraw warrant dated 3/14/2001. Issue warrant to include original charges as well as supplemental violation.*

*Wendell Johnson 5/1/2002*
*Fred R. Simpson 5/2/2002*

*After signature to Clerk For NOA & warrant-*

Date_____

*CC: PDS*
*(Public Defender Service)*

Date_____

_____(Date Notice sent)_____          _____(Region-specify)_____

National Appeals Board _____
                              (check)

National Commissioners _____
                              (check)

Full Commission _____
                              (check)

PAROLE FORM H-6
APR 83

**Exhibit S**

# Memorandum

| | |
|---|---|
| **Subject**<br>**Warrant Execution Instructions Regarding:**<br>**Miller, Julius**<br>**Reg. No. 24681-016**<br>**DCDC No. 247-904** | **Date**<br><br><br>**May 2, 2002** |
| **To**<br><br>U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Avenue, N.W.<br>Room 7337<br>Washington, D.C. 20001<br>Attn: Warrant Squad | **From**<br>Deirdre Jackson<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**The parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER**: Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

cc: Sharon Barnes-Durbin, SCSA
    CSS Data Management Group
    D.C. Court Services and Offender Supervision Agency
    300 Indiana Avenue, N.W., Suite 2149
    Washington, D.C. 20001





**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name .............................. **Miller, Julius**

Reg. No ........................... **24681-016**
DCDC No. ..................... **247-904**
FBI No .......................... **36186KA9**
Birth Date...................
Race................................ **Black**
Date ............................... **May 2, 2002**

Termination of Supervision......... **1/12/2003**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ............................ **10/31/2000**
Released .....................................**May 17, 2000**

Sentence Length............**8 years**
Original Offense ............ **Robbery**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing**. On the following dates, the subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his release:  10/31/2000, 1/9/2001 and 2/1/2001. This charge is based on the information contained in the violation report dated  3/5/2001 from Community Supervision Officer  Diane Hardy.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Failure to Report Change in Residence.** On 9/18/2000, the subject left his last known residence and failed to notify his supervision officer of his current residence. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.
**I ADMIT [  ] or DENY [   ] this charge.**

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.** On the following date, the subject submitted urine specimens which tested positive for the drugs specified:
Cocaine Metabolite on 12/12/2000

This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy and the corresponding laboratory report dated 12/12/2000.
**I ADMIT [  ] or DENY [   ] this charge.**

**Charge No. 4 - Law Violation – a) Domestic Assault; b) Unauthorized Use of a Motor Vehicle.** On 2/14/2001, the subject grabbed the victim, Zanelle Rainey, and stataed, "I'll hit you in the face", I'll shoot you" and I'll stab you. On 2/14/2001 the victim asked subject to return her car which he had taken on 2/8/2001 but the subject refused. The subject was arrested by Arlington County Police for the above-cited offense 4a on 2/14/2001. This information is contained in the police report dated 2/14/2001. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.
**I ADMIT [  ] or DENY [   ] this charge.**

**Charge No. 5 - Law Violation – Armed Robbery.** On 4/13/2002, the subject entered the Pride of America gas station in Oxon Hill, Maryland, implied he had a gun and announced a robbery. Subject stole approximately $700 and fled on foot. A warrant was issued for his arrest. The subject was arrested by Washington Metropolitan Police for the above-cited offense on 4/17/2002. This information is contained in the police report dated 4/13/2002. This charge is based on the information contained in the violation report dated 4/16/2002 from Community Supervision Officer Kelly Jones. Status of Custody/Criminal Proceedings: In custody. Charges pending.
**I ADMIT [  ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

Warrant Issued.................. **May 2, 2002**

Warrant Recommended By:

**Deirdre Jackson, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit XI, 3850 South Capitol**

---

**Miller, Julius**
**Reg. No. 24681-016    DCDC No. 247-904**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Miller, Julius, Reg. No. 24681-016, DCDC No. 247-904, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 8 years for the crime of Robbery and was on May 17, 2000 released on parole from D.C. Dept. of Corrections with 1,293 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on May 2, 2002

_____
U.S. Parole Commissioner

_____

**Miller, Julius**
**Reg. No. 24681-016    DCDC No. 247-904**

**Exhibit T**

 

# FYI          FYI          FYI

MAY 15, 2002

TO:      U.S. PAROLE COMMISSION
         CHEVY CHASE, MD 20815

FM:      U.S. MARSHALS SERVICE
         WASHINGTON, D.C.  20001

REF:     DETAINER OTHER JURISDICTION

SUBJ:    MILLER, Julius D
         DCDC:   247904
         PDID:   427820
         REG#:   24681-016
         JURIS:  Upper Marlboro, MD

A DETAINER HAS BEEN FILED BY USMS D/MD. FOR
MORE INFORMATION PLEASE CALL 410-962-2517/FAX:
410-962-2824.

*File - Await execution.*

**Exhibit U**



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**PROBATION & PRETRIAL SERVICES OFFICE**



WILLIAM F. HENRY
CHIEF

<u>**PROBATION OFFICES**</u>

**250 W. PRATT STREET**
**SUITE 400**
**BALTIMORE, MD 21201**
**410-962-4740**

**9200 EDMONSTON ROAD**
**SUITE 200**
**GREENBELT, MD 20770**
**301-344-0510**

<u>**PRETRIAL OFFICES**</u>

**101 W. LOMBARD STREET**
**SUITE 1625**
**BALTIMORE, MD 21201**
**410-962-4820**

**6500 CHERRYWOOD LANE**
**SUITE 180**
**GREENBELT, MD 20770**
**301-344-0375**

September 8, 2006

Rhonda A. Shelton
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815

> Re: **Miller**, Julius
> Reg. No. 24681-016
> DCDC No. 247-904
> DOB: ▮▮▮▮▮
> <u>**Collateral Response**</u>

Dear Ms. Shelton:

    As requested, attached is the supporting documentation in regard to Prince George's County Circuit Court case number CT02-0766X.

    I hope this information is helpful and please do not hesitate to contact me if you need further assistance.

    Sincerely,

*Phyllis M. Sliwinski*

Phyllis M. Sliwinski
Administrative Technician

enclosures





# F●LED

020766 X

MAY 28 2002

STATE OF MARYLAND, Prince George's County, to wit:

CLERK OF THE CIRCUIT COURT

The Grand Jurors of the State of Maryland, for the body of Prince George's County, on their oath do present that **JULIUS DEWAYNE MILLER** late of Prince George's County, aforesaid, on or about the 12th day of April,  two thousand and two,  at Prince George's County, aforesaid, feloniously did rob David Fowler,  of United States currency, having a value of $500.00 or more,  in violation of Article 27 § 487 with dangerous and deadly weapon; contrary to the form of the act of assembly in such case made and provided and against the peace, government and dignity of the State.  **(Robbery w/deadly weapon)**

## SECOND COUNT

The Grand Jurors of the State of Maryland, for the body of Prince George's County, on their oath do present that **JULIUS DEWAYNE MILLER** late of Prince George's County, aforesaid, on or about the 12th day of April,  two thousand and two, at Prince George's County, aforesaid, feloniously did  rob David Fowler,  of United States currency, having a value of $500.00 or more, in violation of Article 27 § 486; contrary to the form of the act of assembly in such case made and provided and against the peace, government and dignity of the State. **(Robbery)**

## THIRD COUNT

The Grand Jurors of the State of Maryland, for the body of Prince George's County, on their oath do present that **JULIUS DEWAYNE MILLER** late of Prince George's County, aforesaid, on or about the 12th day of April,  two thousand and two, at Prince George's County, aforesaid, did unlawfully assault David Fowler,  in the first degree, in violation of **Article 27, Section 12A-1 of** the Annotated Code of Maryland, 1957 edition, as amended, and against the peace, government and dignity of the State. **(First degree assault)**





**FOURTH COUNT**

The Grand Jurors of the State of Maryland, for the body of Prince George's County, on their oath

do present that **JULIUS DEWAYNE MILLER** late of Prince George's County, aforesaid, on or

about the 12th day of April, two thousand and two,  at Prince George's County, aforesaid, did

unlawfully steal United States currency,  the property of Pride of America One, Inc., T/A Pride of

America One BP, having a value of more than five hundred dollars ($500.00),  current money of the

United States, in violation of **Article 27, Section 342**, of the Annotated Code of Maryland, 1957

edition, as amended, and against the peace, government and dignity of the State.  **(Theft over)**

Assistant State's Attorney for
Prince George's County, Maryland

**Exhibit V**

# Memorandum



| Subject | Date |
|---|---|
| **Miller, Julius**<br>Reg. No. 24681-016<br>DCDC No. 247-904 | **November 8, 2006** |

| To | From |
|---|---|
| U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Ave, N.W., Room 1400<br>Washington, D.C. 20001<br>Warrants - Attn: David Baldwin | Rhonda A. Shelton<br>Case Analyst<br>U.S. Parole Commission |

Enclosed is a copy of a Supplemental Warrant Application concerning the subject's alleged violation.

Please provide the subject with a copy and attach this to the Warrant and Warrant Application dated **May 2, 2002.**

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
    Special Projects Unit
    300 Indiana Avenue, N.W., Suite 2149
    Washington, D.C. 20001

RAS

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**SUPPLEMENT**
**D.C. Code Offender**

Name ..........................Miller, Julius
Reg. No .......................24681-016
DCDC No...................247-904
FBI No........................36186KA9
Birth Date.................
Race.............................Black
Date .............................November 8, 2006

**CHARGES:**

**Referencing Charge No. 5 - Law Violation. A) Armed Robbery; B) Robbery (Conviction); C) First Degree Assault; D) Theft Over $500.** The releasee was convicted by the Circuit Court for Prince George's County Maryland for charge (B) and was sentenced to 10 years all but 6 years suspended with 5 years of supervised probation to follow. The releasee was given jail credit for 352 day. Charges (A), (C) and (D) were Nolle Pros. This charge is based on the information contained in the collateral response dated 9-8-06 from Phyllis M. Sliwinski and a judgment dated 4-4-03. Status of Custody/Criminal Proceedings: The subject completed the sentence on 8-17-06.
I ADMIT [   ] or DENY [   ] this charge.

Warrant Issued ...........May 2, 2002
District Sent To ..........General Supervision Unit XI-Team 19.

Warrant Recommended By:

*Rhonda A. Shelton*

Rhonda A. Shelton, Case Analyst
U.S. Parole Commission

**Exhibit W**

 

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

November 9, 2006

John P. Galley
Warden
Western Correctional Institution
13800 McMullen Highway, S.W.
Cumberland, MD 21502

Re:     **Miller, Julius**
        **Reg. No. 24681-016**
        **Maryland DOC No. 313373**
        **DOB:** ▮▮▮▮▮▮▮▮▮▮

Dear Mr. Galley:

On or about August 17, 2006, Julius Miller was released from the Western Correctional Institution to a parole violation detainer issued by the U.S. Parole Commission. Julius Miller was serving time in the Western Correctional Institution after having been convicted of **Robbery** in Oxon Hill, Maryland.

Julius Miller is currently being held in the U.S. Marshals Service's custody pending a parole violation revocation hearing. He was under federal parole supervision at the time he committed the offense in Maryland.

The Commission is requesting documentation regarding Julius Miller's institutional adjustment (i.e., institutional infractions, disciplinary reports, superior program achievement, etc.) while incarcerated at the Western Correctional Institution. This information will be used in assessing his case for re-parole.

Your assistance in this matter will be greatly appreciated. If you have any questions, please feel free to contact me @ (301) 492-5821 ext. 126.

Sincerely,

*Rhonda A. Shelton*
Rhonda A. Shelton
Case Analyst

RAS



**<u>Exhibit X</u>**

 

PROBABLE CAUSE WORKSHEET – DC

**Miller, Julius**                                      **Reg. No: 24681-016**

Location: **U.S. Marshals Service DC-1**              Fax No. (if <u>not</u> in BOP): **202 353-0723**

CJA-22 to be signed at designated institution

Warrant Issued: **5-2-02**                            Warrant Executed: **8-17-06**

Full Term Date at Time Warrant Issued: **1-12-03**

Recalculated Full Term Date: **3-1-10**              Recalculated MR Date: **3-27-09**

Type of Supervision: Parole

## <u>Recommendation of Case Analyst</u>

### <u>On Probable Cause:</u>

A probable cause finding is recommended for the following charges:

Charge No. 5 - Law Violation  - B) Robbery - Conviction

Other charges to be considered:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Failure to Report Change in Residence

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

Charge No. 4 - Law Violation  - A) Domestic Assault
                               B) Unauthorized Use of a Motor Vehicle

A probable cause finding is not recommended for the following charges:

Charge No. 5 - Law Violation  - A) Armed Robbery
                               C) First Degree Assault
                               D) Theft Over $500

This recommendation is based on:  New conviction

**Notes:**  The subject was originally convicted by the District of Columbia, Superior Court for Robbery. He was sentenced to 8 years.  His parole term commenced on 5-17-00 with a full-term date of 1-12-03.

The subject was convicted for charge 5(B) and was sentenced to 4 years.  He completed the sentence on 8-17-06 and was released to the USPC detainer.  This analyst has requested documentation 



regarding the subject's institutional adjustment (i.e., institutional infractions, disciplinary reports, superior program achievement etc.) while incarcerated 🖈 at the Western Correctional Institution.

Probable cause is recommended on charges 1 thru 4(A) and (B) based on the supporting documents. Probable cause is not recommended for charges 4(A), (C) and (D) based on the subject's conviction for charge 5(B) which includes this behavior.

The subject should receive credit towards his re-parole guidelines for the time spent in state custody. An institutional hearing is recommended.

## On Disposition:

Designate for Institutional Hearing

Institutional Revocation Hearing

**Notes:**

## On Appearance of Adverse Witnesses:

Adverse Witnesses Requested by Parolee:

N/A

Recommended findings of good cause for not requiring confrontation and/or cross-examination of requested adverse witness: (Identify each disallowed witness with an explanation of the reason for not requiring appearance, including supporting information, and the significance of the parolee's interest in questioning the witness.)

**Notes:**

*Rhonda A. Shelton*                                    11-9-06
**Rhonda A. Shelton, Case Analyst**                    *November 9, 2006*

Decision:

Adopt Case Analyst's recommended decisions on probable cause, disposition and appearance of witnesses (including good cause findings).

_____ Disagree with recommended decisions and order as follows:

On Probable Cause:

On Disposition:

On Appearance of Witnesses (including good cause findings):

_____    _____
*Commissioner/Designee*                        *Date*

**Inmate Packet**: Warrant Application dated 5-2-02, Warrant dated 5-2-02, Supp Warrant dated 11-8-06, CSO/USPO Letter(s) dated 3-5, 4-16-01 and collateral response dated 9-8-06, Certificate dated 4-9-00

**Other**:

**Hearing Examiner Packets**: PC Worksheet dated 8-9-06, Independent Sentence Computation, All Information Contained in Inmate Packet, PSI, Pre-Hearing dated 2-6-02, Hearing Summary dated 10-18-99, NOA dated 3-30-00

**Other**:

RAS

**<u>Exhibit Y</u>**

 

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Date: 11/17/06

Julius Miller
Reg. No. 24681-016
DCDC No. 247-904

Dear Mr. Miller:

This is to inform you that the Commission has found probable cause to believe that you have violated the conditions of your parole and has ordered a hearing to determine whether or not your release should be revoked. The purpose of this hearing will be to make a final determination as to whether or not you violated the conditions of your above-stated release as charged and, if so, whether the violations warrant revocation. If revocation is ordered, the Commission will also determine whether to reparole or to require service of all or any part of your violator term.

The specific charge(s) upon which these finding(s) are based:

    Charge No. 5 - Law Violation - B) Robbery

These charges and any additional information will be reviewed at the hearing for possible violations. The evidence relied on is indicated on the warrant application and/or in the summary report of the preliminary interview.

Other charges as listed on the warrant application/supplement will also be considered at the time of your hearing.

    Charge No. 1 - Failure to Submit to Drug Testing

    Charge No. 2 - Failure to Report Change in Residence

    Charge No. 3 - Use of Dangerous and Habit Forming Drugs

    Charge No. 4 - Law Violation - A) Domestic Assault
                                       B) Unauthorized Use of a Motor Vehicle

The Commission has made no finding(s) on the following charge(s):

    Charge No. 5 - Law Violation - A) Armed Robbery

(2)

B) First Degree Assault
C) Theft Over $500

If you are a D.C. Code violator, except those offenders sentenced under the Federal Youth Corrections Act, all street time credit must be forfeited.

Your transfer to a federal institution has been ordered for the purpose of holding a revocation hearing following your arrival at that institution. No new information has been presented that would warrant your release pending the revocation hearing.

If you would like counsel appointed to represent you at the revocation hearing, please contact your Case Manager to complete a CJA-22 to be submitted to the U.S. District Court.

Your revocation hearing will be scheduled on the next appropriate docket at the facility where you are confined.

Enclosed is a packet of the below-listed documents upon which the warrant is based for your use at the revocation hearing. If information exempt from full disclosure has been removed from this packet, you will find a summary of the exempt material included.

1.    Warrant and Warrant Application dated 5-2-02
2.    Supplemental Warrant dated 11-8-06
3.    CSO Kelly Jones letter(s) of 3-5, 4-16-01 and collateral response
       dated 9-8-06.

Sincerely,

Rhonda A. Shelton
Case Analyst

Enclosures

cc:   Kelly Jones, Supervision Officer
      General Supervision Unit XI-Team 19
      CSOSA
      3850 South Capitol Street, S.E.
      First Floor
      Washington, D.C. 20032

RAS

**Exhibit Z**

## D.C. Institutional Revocation Prehearing Assessment

Name.........: **MILLER, JULIUS**
Reg Number.: **24681-016**
Birth Date...: <span>████████</span>
DCDC Number: **247-904**

### Prehearing Parameters
Date......................................: 12/12/2006
Examiner...............................: Patricia L. Denton
Location................................: Philadelphia FDC

### Warrant Parameters
Supervision Type.....................: Parole
Supervision District................: General Supervision Unit XI-Team 19 3850 South Capitol
Warrant/Summons...................: Warrant
Warrant Executed...................: 08/17/2006
Probable Cause Found.............: 11/09/2006
Revocation Hearing Deadline.....: 11/14/2006

### Sentence Parameters
Adult / Youth.......................: Adult
Jail Credit (days)...................: 0
In-Operative Time (days)..........: 0
MR Date (2/3)......................: 03/27/2009
Full Term Date......................: 03/01/2010
GL Credit (months)...............: 52
GL Months in Custody................: 56    as of 12/14/2006
GL Months at Projected MR.......: 83
Detainer..............................: None

### Additional Text regarding the above parameters:


### Previous Commission Action:
On 12/15/89, Miller was sentenced to 1 to 8 years for Robbery. The codefendant went into the Safeway store on Georgia Ave., walked up to the cashier and told the cashier to get the money ready. He then went up to each open register and did the same thing. He then went to the box where the ice was kept, put his hand under his coat like he had a weapon and motioned for someone to come in. Miller came into the store carrying a plastic bag and walked up to the cashier. Miller told the cashier to give him the money. After the cashier gave him the money, he moved on to each of the open registers getting the money from them. After taking money from all the register, subject and the codefendant left the store.

The DC Board heard him several times and ordered that he be released through the halfway house. Each time he was transferred to the halfway house, he escaped. As a result, he has inoperative time from 7/18/97 to 11/11/91.

5/15/93 to 9/9/93 and 4/27/95 to 9/11/95. The last escape resulted in a conviction on 11/25/95. He was sentenced to 8 to 24 months. He was released to parole supervision on 9/17/96.

Supervision was revoked on 2/25/98 after he left the inpatient drug treatment program. At the first hearing after revocation, he was given a set-off of 1-year since he had not completed the rehabilitative programs. The case was reheard by the Commission and he was granted a release date after service of 27 months on 4/12/00. The date was modified for 35 days to allow for halfway house placement and he was released to supervision on 5/17/00.

A warrant was issued on 3/14/01 for administrative violations and new law violations of Domestic Assault and UUMV. The warrant was filed as a detainer with Virginia. It was executed on 1/23/02 and probable cause was found on 1/25/02. The examiner recommended that subject be released from custody and a summons to a local hearing be issued. By NOA dated 1/28/02, he was released from custody, ordered to report immediately to his supervision officer and a summons to a local hearing was ordered. Although there is no summons in the file, it appears that the revocation hearing was scheduled for 3/11/02. The hearing was postponed and rescheduled for 5/6/02. He was arrested on 4/16/02 and the original warrant was supplemented. The file was then returned to the analyst to reissue the warrant since the original warrant could not be supplemented since it had already been executed. The new warrant, which included all the charges, was issued on 5/2/02. It was supplemented with a conviction on 11/8/06.

The warrant was executed on 8/17/06 and probable cause was found on 11/9/06. A preliminary interview was not conducted since he has a new conviction. An institutional hearing was ordered.

## Violations of Conditions of Release:

**Charge Number:  1**
Offense:................................. **Failure to Submit to Drug Testing**
Violation Behavior:............... . On the following dates, the subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his release: 10/31/2000, 1/9/2001 and 2/1/2001. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer  Diane Hardy.

**Charge Number:  2**
Offense:................................. **Failure to Report Change in Residence**
Violation Behavior:............... . On 9/18/2000, the subject left his last known residence and failed to notify his supervision officer of his current residence. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer  Diane Hardy.

**Charge Number:  3**
Offense:................................. **Use of Dangerous and Habit Forming Drugs**
Violation Behavior:............... . On the following date, the subject submitted urine specimens which tested positive for the drugs specified:
Cocaine Metabolite on 12/12/2000

This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy and the corresponding laboratory report dated 12/12/2000.

**Charge Number:  4**
Offense:................................. **Law Violation – a) Domestic Assault; b) Unauthorized Use of a Motor Vehicle.**

MILLER, JULIUS 24681-016                                                    Page 2 of 5

Violation Behavior:............... On 2/14/2001, the subject grabbed the victim, Zanelle Rainey, and stated, "I'll hit you in the face", I'll shoot you" and I'll stab you. On 2/14/2001 the victim asked subject to return her car which he had taken on 2/8/2001 but the subject refused. The subject was arrested by Arlington County Police for the above-cited offense 4a on 2/14/2001. This information is contained in the police report dated 2/14/2001. This charge is based on the information contained in the violation report dated 3/5/2001 from Community Supervision Officer Diane Hardy.

**Charge Number:   5**
Offense:................................. **Law Violation – Armed Robbery.**
Violation Behavior:............... On 4/13/2002, the subject entered the Pride of America gas station in Oxon Hill, Maryland, implied he had a gun and announced a robbery. Subject stole approximately $700 and fled on foot. A warrant was issued for his arrest. The subject was arrested by Washington Metropolitan Police for the above-cited offense on 4/17/2002. This information is contained in the police report dated 4/13/2002. This charge is based on the information contained in the violation report dated 4/16/2002 from Community Supervision Officer Kelly Jones. Status of Custody/Criminal Proceedings: In custody. Charges pending.

**Supplement dated 11/8/06 – Charge No. 5 – Law Violation:  (a) Armed robbery; (b) Robbery (conviction); (c) First Degree Assault; (d) Theft over $500**

The releasee was convicted by the Circuit Court for Prince George's County, Maryland, for charge (b) and was sentenced to 10 years all but 6 years suspended with 5 years supervised probation to follow. The releasee was given jail credit for 352 days. Charges (a), (c), and (d) were nolle prossed. This charge is based on information contained in a collateral response dated 9/8/06 from Administrative Technician Sliwinski and judgment dated 4/4/03. Subject completed the sentence on 8/17/06.

**Severity:**  Category Five

**Severity Justification:** Your violation behavior has been rated Category Five severity because it involved the following Administrative and Criminal offenses: Robbery, Domestic Assault, UUMV, Assault 1st degree, Theft over $500 and administrative violations.

## SALIENT FACTOR SCORE  (SFS-98)

SFS Item A =  0    Subject has 4 prior conviction(s)/adjudication(s).

| Date | Offense | Disposition |
|------|---------|-------------|
| 03/01/1984 | Vandalism | 1984 - 10 months juvenile detention center (1-1) |
| 04/08/1989 | Battery | 5/12/89 - probation (2-1) |
| 12/15/1989 | Robbery (instant offense) | 1/29/91 - 1 to 8 years (3-2) |
| 09/11/1995 | Escape (instant offense) | 11/25/95 - 8 to 24 months (4-3); parole 9/17/96; revoked 2/25/98 (4-4); parole 5/17/00 |

SFS Item B = 0    Subject has 4 commitment(s) of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 2    Subject was 33 years old at the commencement of the current offense and had 4 prior commitments.

SFS Item D = 0    10/31/2000 - Date of Current Offense.
05/17/2000 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole/ supervised release violator.

SFS Item F = 0    Sum of Items A-E = 2 and the offender was 33 years old at the commencement of the current offense.

**Salient Factor Score = 2**

---

**Rescission Behavior(s):**

Rescission Behavior Number:    1
Offense...........................: Administrative - Non Drug
Date of Offense.............: 10/14/2003
Description....................: Miller interfered with staff, disobeyed a direct order and refused work/housing.
Incident Report Number: N/A
Date of DHO Hearing...: 11/13/2003
DHO Finding................: Guilty
Sanctions......................: 30 days segregation
Rescission GL................: 0 - 2 (months)

**Re-parole Guidelines (range in months): 60 - 72**

**Rescission Guidelines (range in months): 0 - 2**

**Aggregate Guidelines (range in months): 60 - 74**

**Text to Describe Any Other Behavior or Remaining Issues:**
None

**Evaluation:**
This is subject second revocation of parole on this term. The first warrant was issued in March 2001 and executed on 1/23/02. The probable cause hearing was conducted and the examiner requested that subject be released from custody and a summons be issued for a local hearing. The number of days subject spent in custody will be need to be verified at the hearing since he should get both guideline and sentence credit for time spent in custody on that warrant. The local hearing was scheduled twice. While subject was in the community waiting for the revocation hearing to take place, he committed a robbery. The first warrant was supplemented with that

charge, but, based on advice from the general counsel, the warrant was reissued on 5/2/02. It was placed as a detainer after subject was convicted of the robbery. He remained in state custody until the completion of his term and was released to the PV term on 8/17/06. He should receive guideline credit from the date of his arrest on 4/17/02. Although no gun was seen during the robbery (violation behavior), he implied there was one.

**Exhibit AA**

## ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
### Before The
### UNITED STATES PAROLE COMMISSION

Name: _Julius Miller_    Register No. _24681-016_ DCDC No. _247-904_

For Probable Cause Hearing                        (For Revocation Hearing)

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, _Julius Miller_____, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_J.M._       I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.
*(initials)*

_____       I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and
*(initials)*       in connection with this application, I state as follows concerning my true financial condition:

| | | |
|---|---|---|
| I am | employed | (unemployed) |
| If employed, state weekly income | | $ |
| If self-employed, state average weekly income | $ | |
| Cash on hand and in bank | | $ |
| Number of dependents | | |
| Property Owned | | |

I certify the above to be correct.

_Julius Miller_   _3/13/07_
*(Signature of Applicant and Date)*

Witness: _Paul Howard Hearing Examiner 3/13/07_
*(Signature, Title and Date)*

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

Return From D.C. Public Defender Service

The above-named applicant will be represented by

*(Name and Phone Number)*

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525

**<u>Exhibit BB</u>**

**Opening State ~ nt at Revocation Hearing With     Attorney**

Name: _Miller, Julius_          Register No. _24681-016_  Date: _3/14/07_

1.    Please state your name and register number.

2.    This is a revocation hearing to determine whether you have violated the conditions of your release. I
      will review and make findings of fact as to each of the charges against you.

3.    If I find that you have violated one or more of the conditions of your release, I will make a
      recommendation as to whether or not your release should be revoked.

      [[*Federal cases*]]  If I recommend revocation of your release, I will make a recommendation as to
      whether you should receive credit toward your sentence for the time you have been on release. I will
      also make a recommendation as to whether you should be reparoled.

      [[*DC Code/Special Parole cases*]]  If I recommend revocation of your release, I will make a
      recommendation as to whether you should be reparoled. As you are serving a (D.C. Code sentence)
      (Special Parole Term), if your release is revoked, you will not receive credit for any time spent on
      release.

4.    This is an administrative hearing. The rules limiting the type of evidence admissible in a criminal trial
      do not apply in a parole revocation hearing.

      Disputed charges will be resolved by the preponderance of the evidence. The preponderance of the
      evidence means evidence that – taken as a whole – is more credible and convincing than the evidence
      offered in opposition to it.

      If at any time during the hearing you have a question about the procedure, feel free to ask me about it.

5.    At this hearing, you have certain rights which I will now review with you.

      A.    Did you receive written notice of this hearing?

      B.    Did you receive a packet of information which includes the letter of probable cause, a copy of
            the [*warrant application / summons*], and the information supporting the charges against you?

      C.    [[*Use the following language at a local revocation hearing if the releasee has executed a form waiving the right to
            an attorney at the final revocation hearing.*]]  You have waived your right to be represented by counsel
            at this hearing.

            [[*Use the following language (1) at a local revocation hearing if the releasee has not executed a form waiving the
            right to an attorney at the final revocation hearing, and (2) at all institutional revocation hearings*]]  You have
            the right to be represented by an attorney at this hearing. You may retain your own attorney. If
            you cannot afford an attorney, one will be appointed for you by the court at your request. If you
            do not wish to proceed without an attorney, this hearing will be postponed so that you may
            obtain one. Do you wish to proceed without an attorney?

            [[*Note:  If the releasee has not yet executed Form CJA-22 or Form I-16, the form should be completed at
            this time.*]]

D.    Have you had s   .cient time to prepare for today's hearing:  Are you ready to go forward?

E.    At this hearing you have the right to call voluntary witnesses.  Do you have any witnesses to testify today?  *NO*

> [[ *Notes: (1) If a voluntary witness is present, obtain name and relationship to releasee. Obtain the address from the witness when he or she testifies; (2) If the releasee complains of a missing witness who would testify in his favor, ask what their testimony would be.  Where appropriate, an examiner may stipulate to testimony of an absent witness.*]]

F.    You have the right to submit documentary evidence.  Documentary evidence means written evidence such as written statements or letters.  If you have any documentary evidence, you may give it to me when we discuss the charge to which it applies.

**For local revocation hearings, use the following:**

G.    You have the right to cross-examine adverse witnesses who testify.  Today we will have the following adverse witnesses (list adverse witnesses).

H.    Are there any adverse witnesses whose presence you requested for today's hearing that I have not listed?

> [[ *Note:  If a requested adverse witness is not present, the examiner must find "good cause" to justify the absence of the witness or the hearing cannot go forward.  Good cause is to be explained at the hearing and in the hearing summary.*]]

6.   I will review each charge and inform you of the information underlying the charge.  I will then ask you to admit or deny each charge and will give you an opportunity to respond to the charge.  If you choose to make no reply to the charge, the hearing will proceed and my recommendation will be made on the basis of the information available.

7.   At the conclusion of the hearing I will inform you of my recommendations.  These will then be forwarded to the central office where they will be reviewed.  A Parole Commissioner will make the final decision.  The Notice of Action containing the decision will be issued within 21 days of this hearing.  [[*Use the following in federal cases only*]]  I will now give you an informational sheet for you to keep and read later.  It describes the processing of the case after the hearing and your right to an administrative appeal if you believe the decision the Commission makes is inappropriate.

8.   Do you have any procedural matters that you wish to raise before we proceed?  *Today*  *cmos*  *No problem*  *overrule*

> [[*Note:  If the releasee complains that the hearing was not conducted in a timely manner, ask "How did the delay adversely affect your ability to defend yourself against any of the charges before us today?"*]]

9.   Testimony at today's hearing will be taken under oath.  Please raise your right hand.  Do you solemnly swear or affirm, under penalty of perjury, that the testimony you are about to give in the case now in hearing will be the truth, the whole truth, and nothing but the truth?

December 11, 2003



**U.S. Department of Justice**
**U.S. Parole Commission**

MILLER, JULIUS

ₗDER

24681-016      PR016370
Nam DC INSTITUT   JCTFR
3/14/2007
Regi                                    ___ Institution _____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

*Revoke Parole. None of the time spent on Parole shall be credited.*

Date _____

Date _____

_____ (Date Notice sent)          _____ (Region-specify)

National Appeals Board _____ (check)

National Commissioners _____ (check)

Full Commission _____ (check)

PAROLE FORM H-6
APR. 83

**U.S. DEPARTMENT OF JUSTI**
**United States Parole Commission**

INITIAL HEARING/RECONSI
POST JANUAR

D.C. ORDI

MILLER, JULIUS

24681-016      PR016370
DC INSTITUT    JCTFR
3/14/2007

Name:_____    Institution:_____    ____

Reg.No:_____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _11/12/07_ OR Continue to a presumptive parole ~~~~~ after the service of _67_ months (with the special condition for): _✓_ Drug Aftercare _✓_ Alcohol Aftercare    (Other - specify) _Family counseling_ .

Continue to expiration (with the special condition for): ____ Drug Aftercare ____ Alcohol Aftercare    (Other - specify) _____

Continue for a reconsideration hearing in _____ after service of _____ months from your hearing date of _____ .

_3/14/07_

District of Release: _✓_ DC ____ MD ____ VAE ____ Other (specify)_____
Revised: May 1, 2001

# DC Case

## Referral to Commissioner(s) for Review of Panel Recommendation

**Name:** *Miller, Julius*

**Reg. No:** *24681-016*                    **Date:** *3-15-07*

**DCDC No:** _____

**Number of Orders Attached:** _____

☐ **Requires 1 Commissioner Signature**            **Due Date:** *4-4-07*

☐ **Requires 2 Commissioner Signatures**

---

### Comments by Commissioner

*Commissioner's Signature*                                        *Date*

---

### Comments by Commissioner

*Commissioner's Signature*                                        *Date*